IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRIPS HOLDINGS LLC, Inc.,　　　　　CASE NO.:　5:19-CV-02789-JRA

　　　　　Plaintiff,

v.

TELEDRIP LLC, f/k/a DRIPS.IO, TAYLOR
MURRAY, MICHAEL C. LAIBLE, and DOES
1 through 5,

　　　　　Defendants.
_____/

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS TELEDRIP LLC,
MURRAY, AND LAIBLE TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

Page

I.    **INTRODUCTION**.................................................................................................. 1

II.   **FACTS REGARDING JURISDICTION AND PLAINTIFF'S ALLEGATIONS** .. 2

III.  **STANDARD OF REVIEW** ................................................................................. 3

IV.  **STATEMENT OF THE ISSUES**........................................................................ 4

V.   **SUMMARY OF THE ARGUMENT** ................................................................ 4

VI.  **LAW AND ARGUMENT**.................................................................................. 5

  A.   **THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MURRAY AND LAIBLE.**.................................................................................. 5

     1.   The Ohio long-arm statute does not confer personal jurisdiction over Murray and Laible.............................................................................................. 6

     2.   The due process clause does not confer personal jurisdiction over Murray and Laible. ............................................................................................... 9

        a)  The Court does not have general jurisdiction over Murray and Laible..........9

        b)  The Court does not have specific jurisdiction over Murray and Laible.........9

  B.   **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.** ...................................................................................... 12

  C.   **PLAINTIFF FAILS TO STATE A CLAIM UNDER RICO** .................................. 15

     1.  Plaintiff fails to allege that Defendants are associated in an "enterprise" ............. 16

     2.  Plaintiff's fraud allegations do not meet the particularity standard....................... 19

VII. **CONCLUSION** ............................................................................................ 20

**Cases**

*Am. Family Mut. Ins. v. Rickman,* 554 F. Supp. 2d 766 (N.D. Ohio 2008). ................. 3, 12, 14, 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ........................................................................ 4

*Begala v. PNC Bank Ohio, Nat. Ass'n,* 214 F.3d 776 (6th Cir. 2000)........................... 18

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). ............................................. 4, 12

*Brown Jordan Int'l, Inc. v. Carmicle,* 846 F.3d 1167 (11th Cir. 2017)................................ 13, 14

*Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158 (2001)................................... 16

*City of Cleveland v. Woodhill Supply, Inc.,* 403 F. Supp. 2d 631 (N.D. Ohio 2005). ................. 16

*Conn v. Zakharov,* 667 F.3d 705 (6th Cir. 2012)......................................................... 5

*Daimler AG v. Bauman,* 517 U.S. 117 (2014). ............................................................ 9

*Diebold Inc. v. Firstcard Fin. Servs., Inc.,* 104 F. Supp. 2d. 758 (N.D. Ohio 2000). .............. 7, 10

*Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F. Supp. 2d 862 (N.D. Ohio 2001)........................ 4

*Filtrexx Int'l, LLC v. Truelsen,* No. 5:12-cv-58, 2013 WL 587582 (N.D. Ohio Feb. 13, 2013), . 11

*Georgalis v. Facebook, Inc.,* 324 F. Supp. 3d 955 (N.D. Ohio 2018). ........................... 5

*Girgis v. Countrywide Home Loans,* 733 F. Supp. 2d 835 (N.D. Ohio 2010)........................... 17

*Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915 (2011)............................... 9, 10

*Hancock v. Cnty. Of Rensselaer,* 882 F.3d 58 (2d Cir.  2018). .................................... 12

*Huff v. FirstEnergy Corp.,* 972 F. Supp. 2d 1018 (N.D. Ohio 2013). ................................... 16, 19

*In re ClassicStar Mare Lease,* 727 F.3d 473 (6th Cir. 2013). .................................... 18

*International Shoe Co. v. Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310

(1945). ......................................................................................................... 9

*Javitch v. Capwill,* 284 F. Supp. 2d 848 (N.D. Ohio 2003)......................................... 17, 18

*Leighton v. Poltorak,* No. 1:16-c-2898, 2017 WL 13999839 (N.D. Ohio Apr. 19, 2017). .......... 10

*LVRC Holdings v. Brekka,* 581 F.3d 1127 (9th Cir. 2009)............................................. 12

*Marine Midland Bank v. Miller,* 664 F.2d 899 (2d Cir. 1981). ..................................... 10

*Miller v. Norfolk S. Ry. Co.,* 183 F. Supp. 2d 996 (N.D. Ohio 2002)............................... 17

*Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30 (1989)................................... 9

*Ouwinga v. Benistar 419 Plan Services, Inc.,* 694 F.3d 783 (6th Cir. 2012) ....................... 18

*Prakash v. Altadis USA, Inc.,* No. 3:10-cv-0033, 2011 WL 1109918 (N.D. Ohio Mar. 30, 2012). ................................................................................................................................ 10

*Puckett v. Tenn. Eastman Co.,* 889 F.2d 1481 (6th Cir. 1989) ...................................... 17

*Robins v. Global Fitness Holdings, LLC,* 838 F. Supp. 2d 631 (N.D. Ohio 2012). .................... 16

*Smith v. Nationstar Mortgage,* No. 1:17-cv-1483, 2017 WL 659009 (N.D. Ohio Dec. 21, 2017). ................................................................................................................................ 18, 19

*Sound Com Corp. v. Connolly,* No. 1:09-cv-1656, 2010 WL 11681840 (N.D. Ohio Feb. 22, 2010) ........................................................................................................................ 14

*Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir. 1968 ................................ 10

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991). ............................................................. 3

*Walker v. Concoby,* 79 F. Supp. 2d 827 (N.D. Ohio 1999) ................................................ 7, 8, 10

*Whelan v. Winchester Production Co.,* 319 F.3d 225 (5th Cir. 2003). ...................................... 17

*World Wide Stationery Mfg. Co. Ltd. v. Bensons Intern. Sys., Inc.,* No. 3:11-cv-523, 2012 WL 2885831 (N.D. Ohio, July 13, 2012). ........................................................................... 7, 11

*Yoder & Frey Auctioneers, Inc. v. Equipment Facts, LLC,* 774 F.3d 1065 (6th Cir. 2014). ........ 14

*Yoder & Frey Auctioneers, Inc. v. Equipment Facts,* No. 3:10-cv-1590, 2013 WL 6180696 (N.D. Ohio Nov. 25, 2013). ........................................................................................... 14

**Statutes**

18 USC § 1030(e)(11) .............................................................................................................. 13

Fed. R. Civ. P. 9(b). .................................................................................................................. 4

ORC § 2307.382. ...................................................................................................................... 6

ORC § 2923.32(A)(1). ............................................................................................................ 16

## I.     INTRODUCTION

In a transparent attempt to unfairly malign a competitor, Drips Holding LLC, Inc. ("Plaintiff") has filed a conclusory shotgun-style Complaint against Teledrip LLC, Taylor Murray, and Michael Laible ("Defendants").  Plaintiff's Complaint is long on name-calling but short on facts, alleging computer "hacking" based purely on speculation arising out of the fact that Teledrip is a competitor providing similar services in the same industry.  Stripped of vitriol and conclusory allegations, Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to its claims relating to "hacking" and the supposed misappropriation of trade secrets arising from the same.  Plaintiff's failure to follow elementary pleading requirements shows that the true purpose of Plaintiff's lawsuit is to ruin Defendants' reputation and ironically gain access to Teledrip's confidential trade secrets.

Not satisfied to improperly leverage this litigation for competitive advantage, Plaintiff goes even further by seeking to personally malign the individual Defendants Murray and Laible, despite the fact that Plaintiff has not properly pled, and cannot demonstrate that either of them are subject to personal jurisdiction in the State of Ohio.  Plaintiff's attempt to use this lawsuit as a means of personal attack and disparagement should not be countenanced.

Although none of the claims against any of the Defendants have any merit whatsoever, Plaintiff's inability to meet the pleading requirements as to counts one (1) and eight (8) require dismissal for failure to state a claim, and all claims against the individual Defendants should be dismissed for lack of personal jurisdiction.

## II.    FACTS REGARDING JURISDICTION AND PLAINTIFF'S ALLEGATIONS

Although, as noted below, all well-pled allegations in the complaint must be accepted as true solely for purposes of a 12(b)(6) motion to dismiss, where lack of personal jurisdiction is raised as a defense, this Court may properly look beyond the complaint and consider the attached Declarations submitted by the Defendants.

In an effort to drag the individual Defendants into this forum, Plaintiff has vaguely alleged that sometime between March 2016 and March 2017, Murray and/or Laible were somehow personally involved in "hacking" an unidentified "target computer" in the state of Ohio.  (*See, e.g.,* Complaint ¶¶ 7, 16, 51, 82, 125).  Notably, Plaintiff's Complaint utterly fails to identify the supposed means by which this alleged "hacking" occurred – instead it simply throws out examples of types of hacking that might theoretically occur.  (*Id.,* at ¶ 125).  If Plaintiff had truly identified a "targeted computer" as alleged at ¶82 of its Complaint, even a modestly competent technology company would be able to identify in general terms how the hacking occurred.

Plaintiff's conclusory allegations should not be accepted as well-pled averments regarding hacking, and are certainly insufficient to establish personal jurisdiction over the individual Defendants in the face of the attached Declarations of Murray and Laible.  Murray and Laible both declare that they never caused a tortious injury in Ohio.  (Exhibit A; Exhibit B).  Further, they both aver that they did not engage in any type of hacking of any of Plaintiff's computers and that they are not aware of any employee or agent of Teledrip engaging in any type of hacking of Plaintiff's computers.  (Exhibit A; Exhibit B).

Simply put, the reason Plaintiff has failed to go beyond the conclusory allegation that "hacking" of an unidentified "target computer" occurred is because no hacking of any kind occurred, and Plaintiff is simply grasping at straws.  The fact that Plaintiff and Teledrip are

admittedly competitors providing similar electronic communication services is simply not proof or even evidence of hacking.

As competitors in a close-knit industry, Plaintiff and Teledrip have similar marketing campaigns and work-flow systems. Rather than citing any forensic evidence or investigation, Plaintiff simply assumes that due to these similarities, Defendants must have hacked its computers and stolen its proprietary information and somehow duplicated Plaintiff's processes. Based on these raw and unsupported assumptions and conclusory allegations, Plaintiff has filed a shotgun Complaint against Defendants in hopes of engaging in a fishing expedition into a competitor's computers and business model, while using its pleadings to engage in unfair and unsubstantiated disparagement of Teledrip and its personnel. For the reasons addressed below, the first step in restoring order to this lawsuit is to eliminate claims that fail on their face and to dismiss the claims against the individual Defendants for lack of personal jurisdiction.

## III.   STANDARD OF REVIEW

Under Federal Rules of Civil Procedure Rule 12(b)(2), a court should dismiss a case for lack of personal jurisdiction, where, as here, the plaintiff cannot meet its burden of establishing that jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In doing so, this Court may rely upon affidavits and declarations in order to reach its decision. *Id.* Here, the Declarations of Murray and Laible demonstrate that the conclusory allegations of "hacking" and "tortious conduct" in the state of Ohio are unfounded and insufficient to establish personal jurisdiction.

Further, although complaints are liberally construed under Rule 12(b)(6), "it is still necessary that the complaint contain more than bare assertions or legal conclusions." *Am. Family Mut. Ins. v. Rickman*, 554 F. Supp. 2d 766, 767 (N.D. Ohio 2008). And while factual

allegations must be presumed to be true at this stage, "[t]he Court need not, [ ] accept unwarranted factual inferences." *Id.*

Simply put, a complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, when plaintiff alleges fraud, it must plead with particularity. Fed. R. Civ. P. 9(b). "The plaintiff is required to allege the time, place, and content of the alleged misrepresentation; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Eva v. Midwest Nat'l Mortg. Bank, Inc.*, 143 F. Supp. 2d 862 (N.D. Ohio 2001).

## IV.     STATEMENT OF THE ISSUES

    a. There is no basis to assert personal jurisdiction over Defendants Murray and Laible when neither were physically present nor committed any acts in the State of Ohio as required pursuant to the fiduciary shield doctrine.

    b. Plaintiff has failed to plead a claim upon which relief can be granted where it has failed to plead the alleged type of "hacking" that supposedly occurred and a compensable loss under the Computer Fraud and Abuse Act.

    c. Plaintiff has failed to allege that Defendants formed an "enterprise" within the meaning of Ohio's RICO act, nor pled fraud with particularity, resulting in a failure to properly plead an actionable claim under Fed. R. Civ. P. 12(b)(6).

## V.     SUMMARY OF THE ARGUMENT

Plaintiff's forty-page Complaint is long on conclusory accusations and assumptions, and short on facts. Stripped of personal attacks and puffery of its own brand, Plaintiff's Complaint

fails to set forth a legitimate basis for asserting personal jurisdiction against the individual

Defendants, and certain claims fail on their face even under the generous pleadings standards

applied on a motion to dismiss.

Plaintiff's shotgun Complaint should be accordingly narrowed because:

- there is no basis for asserting personal jurisdiction over Defendants Murray and Laible when neither were physically present nor committed any acts in the State of Ohio, as required pursuant to the fiduciary shield doctrine;

- Plaintiff has not only failed to actually plead the alleged type of "hacking" that supposedly occurred, but in failing to do so, has not pled and cannot properly plead a compensable loss under the Computer Fraud and Abuse Act; and,

- Plaintiff has not and cannot allege that Defendants formed an "enterprise" within the meaning of Ohio's RICO act and has failed to plead fraud with particularity.

Defendants accordingly move the Court to dismiss all claims against Murray and Laible

for lack of personal jurisdiction and to dismiss Claims one (1) and eight (8) against all

Defendants for failure to state a claim.

## VI.   LAW AND ARGUMENT

### A.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER MURRAY AND LAIBLE.

The Court should dismiss all claims against Murray and Laible for lack of personal

jurisdiction. Personal jurisdiction of a non-resident defendant is only available if the Ohio long-

arm statute confers jurisdiction and jurisdiction is proper under the due process clause. *Conn v.

Zakhoarov,* 667 F.3d 705, 712 (6th Cir. 2012). "If either factor of this two-part analysis fails, the

court cannot exercise personal jurisdiction over Defendant." *Georgalis v. Facebook, Inc.,* 324 F.

Supp. 3d 955, 958 (N.D. Ohio 2018). This Court lacks personal jurisdiction over Murray and

Laible under the Ohio long-arm statute and the due process clause.

### 1. **The Ohio long-arm statute does not confer personal jurisdiction over Murray and Laible.**

The Ohio long-arm statute lists nine ways that a court may exercise personal jurisdiction over a defendant.  Under the statute, a court may exercise personal jurisdiction over a defendant for a cause of action arising from the defendant:

(1) "Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state . . .;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7)  Causing tortious injury to any person by a criminal act, . . .

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."  Ohio Rev. Code § 2307.382.

Under the long-arm statute, Ohio courts recognize the fiduciary shield doctrine.  This doctrine provides that if an employee's contacts with Ohio are based on his acts as a fiduciary of a corporation, courts generally do not have jurisdiction over the officer.  *Diebold Inc. v.*

*Firstcard Fin. Servs., Inc.,* 104 F. Supp. 2d. 758 (N.D. Ohio 2000). To overcome the fiduciary shield, the plaintiff must prove that the defendants "personally involved themselves in a transaction giving rise to the cause of action, *and* were physically present in the state." *Walker v. Concoby,* 79 F. Supp. 2d 827, 832 (N.D. Ohio 1999) (emphasis added). See also *Diebold,* 104 F. Supp. 2d at 761 ("Ohio courts do not apply the doctrine if: (1) a non-resident defendant personally involves himself in transactions which give rise to the cause of action and (2) the non-resident defendant was physically present in the state."). Importantly, "physical presence of the officer in the forum state is required to overcome the fiduciary-shield doctrine." *World Wide Stationery Mfg. Co. Ltd. v. Bensons Intern. Sys., Inc.,* No. 3:11-cv-523, 2012 WL 2885831, at *3 (N.D. Ohio, July 13, 2012).

The Ohio long-arm statute does not confer jurisdiction over Murray and Laible because neither of them have connections to Ohio:

(1)    Murray and Laible do not transact any business in Ohio in their personal capacity. Any business transacted in Ohio by Teledrip does not impact Murray and Laible's personal jurisdiction analysis.

(2)    Murray and Laible do not have any contracts to supply goods or services in Ohio.

(3)    Murray and Laible did not cause a tortious injury in Ohio.

(4)    Murray and Laible do not regularly solicit business, engage in persistent conduct, or derive a substantial revenue from Ohio.

(5)    Murray and Laible do not have any warranties for the sale of goods.

(6)      Murray and Laible have not caused tortious injury in Ohio by an act committed outside of the state.[1]

(7)      Murray and Laible did not commit any criminal acts.

(8)      Murray and Laible do not have any interests in real property in Ohio.

(9)      Murray and Laible do not have a contract to insure any person or item.

(Exhibit A; Exhibit B).

Additionally, the Court lacks personal jurisdiction over Murray and Laible because they are protected by the fiduciary shield doctrine. Under the fiduciary shield doctrine, corporate officers are protected from suit unless the plaintiff alleges that the defendants "personally involved themselves in a transaction giving rise to the cause of action, *and* were physically present in the state." *Walker,* 79 F. Supp. 2d at 832 (emphasis added). Plaintiff never alleges that Murray and Laible were physically present in Ohio. Plaintiff filed a forty-page Complaint, but does not include a single allegation that Murray or Laible ever set foot in Ohio. Further, in his Declaration, Murray declares that he has never been to Ohio and Laible avers that he is not been to Ohio since 2010 and has not been to Ohio at any of the times referenced in the Complaint. (Exhibit A; Exhibit B). Thus, the fiduciary shield doctrine prevents the Court from conferring personal jurisdiction over Murray and Laible.

Moreover, while their lack of physical presence alone is sufficient to apply the fiduciary shield doctrine, it must be again noted that in the face of the attached Declarations, Plaintiff has

---

[1] To the extent that Plaintiff alleges that Murray and Laible committed fraud by hacking Plaintiff's computers, those allegations fail for lack of particularity. To maintain a claim under the fraud heightened pleading standard, a plaintiff must allege the "time, place, and content" of the fraud. *Eva,* 143 F. Supp. 2d at 877. Plaintiff fails to properly allege fraud because it did not particularly allege the time, manner, or place of the hacking. Plaintiff states that during a one year period, one of its computers was hacked through some manner of hacking. (Complaint ¶7). As will be explained in more detail below, this is not sufficient particularity to maintain a fraud claim.

not and cannot allege or point to any personal involvement on the part of the individual Defendants in its threadbare Complaint. Indeed, it is shocking that a technology company such as Plaintiff would allege "hacking" while being utterly unable to identify the type of hacking that supposedly occurred. That is because no such hacking occurred, and Plaintiff thus cannot meet its burden of establishing conduct by the individual Defendants in the forum state upon which to base a claim of personal jurisdiction.

## 2. The due process clause does not confer personal jurisdiction over Murray and Laible.

The Court does not have due process jurisdiction over Murray and Laible. There are two types of due process jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). A court may assert general jurisdiction over a party "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.*, citing *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 317 (1945). In contrast, a court may only assert specific jurisdiction over a party when the issues raised in the case derive from, or are connected with, the jurisdiction. *Goodyear,* 564 U.S. at 919.

### a) The Court does not have general jurisdiction over Murray and Laible.

A court has general jurisdiction over a party where that party is at home. *Daimler AG v. Bauman,* 517 U.S. 117, 137 (2014). A person is at home in his domicile. *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). Murray's domicile is California. (Exhibit A ¶4). Laible's domicile is Florida. (Exhibit B ¶4). Because neither is domiciled in Ohio, the Court does not have general jurisdiction over them.

***b)***     ***The Court does not have specific jurisdiction over Murray and Laible.***

Specific jurisdiction does not exist for much the same reasons as why the Ohio long-arm statute does not apply. Specific jurisdiction depends on the affiliation between the underlying controversy and the forum. *Goodyear,* 564 U.S. at 919. The Sixth Circuit employs a three-part test to determine whether a court has specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968).

Under the fiduciary shield doctrine, it is not reasonable to hail a person into court for acts committed in his official capacity as an employee of a corporation. *Walker,* 79 F. Supp. 2d at 831. Underpinning this doctrine is the "notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Id., quoting Marine Midland Bank v. Miller,* 664 F.2d 899, 902 (2d Cir. 1981). An employee is not subject to personal jurisdiction merely because his employer is subject to personal jurisdiction. *Leighton v. Poltorak,* No. 1:16-cv-2898, 2017 WL 13999839, at *7 (N.D. Ohio Apr. 19, 2017). However, a court may exercise personal jurisdiction over a corporate officer if the officer was a "personal, active" participant in the tort. *Prakash v. Altadis USA, Inc.,* No. 3:10-cv-0033, 2011 WL 1109918, at *20 (N.D. Ohio Mar. 30, 2012).

But here again, the fiduciary shield doctrine applies unless, "(1) a non-resident defendant personally involves himself in transactions which give rise to the cause of action and (2) the non-resident defendant was physically present in the state." *Diebold,* 104 F. Supp. 2d at 761.

"Physical presence of the officer in the forum state is required to overcome the fiduciary-shield doctrine." *World Wide,* 2012 WL at *3.

The court does not have specific jurisdiction over Murray and Laible because they are protected by their fiduciary shield. Under similar circumstances, this Court has recognized that claims against individuals should be dismissed for lack of personal jurisdiction. Notably, in *Filtrexx Int'l, LLC v. Truelsen,* No. 5:12-cv-58, 2013 WL 587582 (N.D. Ohio Feb. 13, 2013), the Northern District of Ohio District Court dismissed the case for lack of personal jurisdiction because the defendant's contacts with Ohio arose from his actions as a company employee. *Id.* at 12.

Similarly, Murray and Laible's alleged conduct arose from actions they allegedly took as Teledrip employees. Plaintiff has not alleged that Murray and Laible were "personal, active" participants in the alleged tortious conduct. Plaintiff alleges only in conclusory fashion that Teledrip hacked its computers and that in their role as Teledrip employees, Murray and Laible assisted (in some unidentified way). (Complaint ¶7). Plaintiff does not allege that Murray and Laible engaged in tortious conduct in their individual capacities – indeed, as noted above, Plaintiff cannot actually identify the actual hacking that allegedly occurred, let alone how the individual Defendants supposedly were involved. That is because no such conduct occurred, as evidenced by the Declarations of Murray and Laible.

Additionally, Plaintiff has not alleged that Murray and Laible were physically present in Ohio. "Physical presence of the officer in the forum state is required to overcome the fiduciary-shield doctrine." *World Wide Stationery,* 2012 WL at *3. Because Plaintiff does not allege that Murray and Laible were physically present in Ohio, and Murray and Laible declare that they

have not been to Ohio at any of the times referenced in the Complaint, the Court lacks personal jurisdiction over these defendants.  (Exhibit A; Exhibit B).

**B**.   **PLAINTIFF FAILS TO STATE A CLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.**

Plaintiff fails to state a claim under the Computer Fraud and Abuse Act ("CFAA") (Count 1) because Plaintiff fails to properly plead that it was hacked and Plaintiff does not allege a compensable loss under the CFAA.  The CFAA is primarily a criminal statute, but limited civil actions may be brought.  *Hancock v. Cnty. Of Rensselaer,* 882 F.3d 58, 63 (2d Cir. 2018). To bring a civil action, the plaintiff must allege one of the action requirements in 18 USC § 1030(a) and one of the loss requirements in 18 USC § 1030(c)(4)(A)(i).

Although its Complaint is far from a model of clarity with respect to its claims of "hacking," Plaintiff is likely alleging that Defendants violated 18 USC § 1030(a)(2) and caused the loss detailed under 18 USC § 1030(c)(4)(A)(i)(I).   Taking these subsections together, Plaintiff must prove that Defendants "(1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and that [they] (3) thereby obtained information (4) from any protected computer . . . and that (5) there was loss to one or more persons during any one-year period aggregating at least $5,000 in value." *LVRC Holdings v. Brekka,* 581 F.3d 1127, 1131 (9th Cir. 2009).  Plaintiff fails to meet these requirements because Plaintiff does not properly plead that it was hacked and does not allege a compensable CFAA loss.

Although a complaint is liberally construed, the complaint must state more than bare assertions. *Am. Family,* F. Supp. 2d at 767.  The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547.  Plaintiff does not properly plead that hacking occurred.  Although Plaintiff states that it was hacked, this is nothing more than a threadbare conclusory allegation.  (*See, e.g.,* Complaint ¶¶ 7, 16, 51, 82, 125).

Plaintiff's Complaint utterly fails to identify the supposed means by which this supposed "hacking" occurred – instead it simply throws out examples of types of hacking that might theoretically occur. (*Id*., at ¶ 125). If, as Plaintiff has identified a "targeted computer" as alleged at ¶82 of its Complaint, even a modestly competent technology company should be able to identify in general terms how the hacking occurred. The point for purpose of 12(b)(6), however, is that the term "hacking" is so vague – as made plain by Plaintiff's own recitation of different possible types of hacking – as to be nothing more than a meaningless conclusion.

Plaintiff's Complaint assumes that because Plaintiff and Teledrip utilize similar work-flow systems, Defendants must have hacked Plaintiff's computers. But an assumption is not the same as plausibly pleading that hacking occurred. Plaintiff fails to state the time, place, and manner of the hack, as required to plausibly plead hacking.

But just as important, the inability to articulate the type of hacking that supposedly occurred leads to Plaintiff's inability to properly plead a compensable loss within the scope of the CFAA. To maintain an action under the CFAA, a plaintiff must allege a compensable loss, which is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, *and* any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service" 18 USC § 1030(e)(11)(emphasis added). This definition is "disjunctive" because it includes two separate types of loss. *Brown Jordan Int'l, Inc. v. Carmicle,* 846 F.3d 1167, 1174 (11th Cir. 2017). Loss includes "(1) reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its condition prior to the violation; *and* (2) any revenue lost, cost incurred, or

other consequential damages incurred because of interruption of service." *Id.* (emphasis added). *See also Yoder & Frey Auctioneers, Inc. v. Equipment Facts, LLC,* 774 F.3d 1065, 1073 (6th Cir. 2014).

The first type of loss includes losses the plaintiff sustained in investigating a computer hack, but does not include losses due to trade secret theft or lost profits. Losses are compensable under the CFAA when they result from damage to a computer system. For example, the plaintiff sustained a CFAA loss in *Sound Com Corp. v. Connolly,* No. 1:09-cv-1656, 2010 WL 11681840 (N.D. Ohio Feb. 22, 2010) when the plaintiff lost money in conducting a forensic analysis of a computer. *Id.* at *8. However, the CFAA does not recognize losses due to trade secret theft or lost profits. The Northern District of Ohio stated, "the CFAA does not contemplate consequential damages such as lost business or profits that are unrelated to harm to the computer itself." *Am. Family,* F. Supp. 2d at 772. This rule exists because "the underlying premise of this criminal statute is directed toward computer piracy, and the loss of revenue must be related to the misuse of the computer—something more than misuse of information obtained from the computer through authorized access." *Id.* at 766.

The second type of loss only occurs if there was an interruption of service. An interruption of service occurs if the use of a computer is impaired in some way, such as by the computer shutting down. *Yoder & Frey Auctioneers, Inc. v. Equipment Facts,* No. 3:10-cv-1590, 2013 WL 6180696, at *5-6 (N.D. Ohio Nov. 25, 2013).

Plaintiff has not pled the type of loss contemplated by the CFAA. Plaintiff alleges that as a result of the computer hack, Teledrip utilized Plaintiff's work-flow system, causing Teledrip to reap profits that would have otherwise gone to Plaintiff. (Complaint ¶¶7, 14). But "revenue lost because the information was used by the defendant to unfairly compete after extraction from a

computer does not appear to be the type of 'loss' contemplated by the statute." *Am. Family,* F. Supp. 2d at 772. Plaintiff's lost profits is not a loss under the CFAA. Plaintiff did not plead that it lost money in responding to the hack. For example, Plaintiff did not state that it spent time or money analyzing, investigating, or responding to the hack. Indeed, if it had alleged a meaningful investigation it would be left awkwardly trying to explain why it has failed to actually allege the type of hacking that supposedly occurred.

Plaintiff also did not plead that there was an interruption of service caused by the alleged hack. Because Plaintiff only alleges loss profits and does not allege loss in responding to the hack or an interruption of service, Plaintiff does not allege a loss that is compensable under the CFAA. Plaintiff therefore fails to state a CFAA claim.

This case is similar to *American Family Mut. Ins. v. Rickman,* 554 F. Supp. 2d 766 (N.D. Ohio 2008. In *American Family,* a former American Family Insurance employee accessed and copied American Family Insurance's customer and trade secret information. *Id.* at 767. American Family alleged that this information copying caused it to lose profits. The court held that the loss of profits was not compensable under the CFAA and dismissed the case for failure to state a claim. *Id.* at 772. Similarly, here, Plaintiff alleges that Defendants hacked into its computers and copied its work-flow system. (Complaint ¶7). Just like in *American Family,* Plaintiff alleges that it lost profits due to the theft of information and does not allege any other type of loss. Therefore, as in *American Family,* the Court should dismiss the CFAA claim for failure to state a claim.

## C. PLAINTIFF FAILS TO STATE A CLAIM UNDER RICO.

Plaintiff fails to state a claim under the Ohio civil RICO statute (Count 8) because Plaintiff fails to allege that Defendants are associated in an "enterprise" and fails to plead fraud with particularity. The Ohio RICO statute states that "no person employed by, or associated

with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity." Ohio Rev. Code § 2923.32(A)(1). The Ohio RICO statute exactly mirrors and follows the precedent of the federal RICO statute. *Robins v. Global Fitness Holdings, LLC,* 838 F. Supp. 2d 631, 651 (N.D. Ohio 2012). To establish a RICO violation, a plaintiff must prove that "(1) there were two or more predicate offenses, i.e., racketeering activities, (2) there was an 'enterprise,' (3) there was a nexus between the pattern of racketeering activity and the enterprise, and (4) the first three factors caused an injury." *City of Cleveland v. Woodhill Supply, Inc.,* 403 F. Supp. 2d 631, 634 (N.D. Ohio 2005). If the plaintiff alleges that the predicate offenses were fraudulent, then the plaintiff must allege fraud with particularity. *Huff v. FirstEnergy Corp.,* 972 F. Supp. 2d 1018, 1027 (N.D. Ohio 2013). Plaintiff fails to allege RICO because Plaintiff does not properly plead that Defendants are associated in an "enterprise" and Plaintiff does not plead fraud with particularity.

1.      **Plaintiff fails to allege that Defendants are associated in an "enterprise."**

Plaintiff fails to properly allege that Defendants are associated in an "enterprise," as required by RICO. Ohio statute 2923.31(C) defines an "enterprise" as "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." The "enterprise" is distinct from the individuals that make up the "enterprise." *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158, 161 (2001). The Supreme Court has held that to establish liability, "one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Id.* "The entity constituting the enterprise must be a separate entity from the 'person' committing harm under RICO." *Miller v. Norfolk S. Ry. Co.,* 183 F. Supp. 2d 996, 1001

(N.D. Ohio 2002). Because the same entity cannot be a "person" and an "enterprise," "a corporation cannot be named as the liable 'person' and simultaneously fulfill the 'enterprise' requirement as well." *Girgis v. Countrywide Home Loans,* 733 F. Supp. 2d 835, 854 (N.D. Ohio 2010). *See also Puckett v. Tenn. Eastman Co.,* 889 F.2d 1481, 1489 (6th Cir. 1989) ("Courts are in substantial agreement that a corporation cannot be named as the liable 'person' and simultaneously fulfill the 'enterprise' requirement as well.").

If the plaintiff alleges that the relationship between the defendants is based entirely on their business relationship, then the plaintiff has not properly pled that an "enterprise" exists. A relationship formed by an employer corporation and its employees is not an "enterprise." "An association based upon a business relationship does not constitute an enterprise." *Javitch v. Capwill,* 284 F. Supp. 2d 848*,* 857 (N.D. Ohio 2003). To establish an "enterprise," "it is not enough to establish that a defendant corporation through its agents committed the predicate acts in the conduct of its own business." *Id., citing Whelan v. Winchester Production Co.,* 319 F.3d 225, 229 (5th Cir. 2003).

Plaintiff fails to fulfill the "enterprise" requirement because it uses Teledrip as both a "person" and an "enterprise" under RICO. Plaintiff states in a conclusory fashion that the "'Teledrip Enterprise' means each of the Defendants collectively." (Complaint ¶120). Besides this single statement, Plaintiff does not plead that there is an "enterprise" separate from the Teledrip corporation. Plaintiff's Complaint establishes that Teledrip is both a "person" and an "enterprise" because the relationship between Defendants is based entirely on Murray and Laible's employment at Teledrip. The relationship established in the Complaint is a business relationship between Teledrip as an employer and Murray and Laible as its employees. This business relationship is not an "enterprise" under RICO.

Further, because the "enterprise" must be distinct from the underlying corporation, RICO claims generally fail where the members of the alleged "enterprise" include only a corporation and its agents. As the Sixth Circuit stated, "a corporation may not be liable [ ] for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members." *Begala v. PNC Bank Ohio, Nat. Ass'n,* 214 F.3d 776, 781 (6th Cir. 2000); *See also Smith v. Nationstar Mortg.,* No. 1:17-cv-1483, 2017 WL 659009, at *4 (N.D. Ohio Dec. 21, 2017). "If RICO imposed liability on a corporation for the ordinary conduct of its agents and employees, every claim of corporate fraud would automatically become a violation of RICO." *In re ClassicStar Mare Lease,* 727 F.3d 473, 490 (6th Cir. 2013). *See also Ouwinga v. Benistar 419 Plan Servs., Inc.,* 694 F.3d 783, 794 (6th Cir. 2012) ("If allegations of mirror-image, ill-motivated activity of normal business conduct are sufficient to establish an enterprise, all business conduct gone awry would constitute a per se RICO enterprise.") Here, the alleged "enterprise" consists only of a corporation (Teledrip) and its agents (Murray and Laible). The allegations arise out of the activity of this business relationship. Thus, Plaintiff fails to allege that Defendants were associated in an "enterprise."

In *Javitch v. Capwill,* 284 F. Supp. 2d 848, 857 (N.D. Ohio 2003), the Northern District of Ohio dismissed a case where the relationship between the defendants was "nothing more than a business relationship." *Id.* at 857. The court found that "even assuming improprieties on behalf of [the defendants,] simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes." *Id.* (quotation marks removed). Similarly, here, the entire relationship between the defendants is a business relationship. As *Javitch* held, when defendants are associated in a business relationship, allegations of fraud are not sufficient to trigger RICO.

For RICO to apply, the defendants must be organized in an "enterprise." Just like the defendants in *Javitch*, Defendants here are organized in a business relationship, not an "enterprise."

Plaintiff's allegations are similar to the allegations in *Smith v. Nationstar Mortg.,* No. 1:17-cv-1483, 2017 WL 659009 (N.D. Ohio Dec. 21, 2017). In *Smith,* the plaintiff's complaint included a conclusory statement that the defendants were associated in an "enterprise." That single statement did not sufficiently establish that an "enterprise" existed. *Id.* at *4. Plaintiff's Complaint similarly includes a single conclusory statement that Defendants formed an "enterprise." (Complaint ¶120). That statement is not sufficient to establish that an "enterprise" exists. "Absent evidence that the members are associated in any manner separate and apart from their corporate activities, there can be no RICO enterprise." *Id.* at *4. Plaintiff's allegations are based entirely on the business relationship between an employer Teledrip and its employees Murray and Laible. Thus, Plaintiff fails to properly plead that Defendants are associated in an "enterprise."

## 2. Plaintiff's fraud allegations do not meet the particularity standard.

Plaintiff's RICO claim also fails because Plaintiff fails to allege the underlying fraud claims with particularity. Plaintiff alleges that Defendants engaged in a RICO "pattern of corrupt activity" by committing fraud, including telecommunications fraud and wire fraud. (Complaint ¶¶124, 133). Because Plaintiff alleges fraud, these claims must be pled with particularity. *Huff,* 972 F. Supp. 2d at 1027. To allege a claim with particularity, the plaintiff must state "the 'time, place, and content' of the alleged fraudulent acts." *Id.*

Plaintiff states in a conclusory fashion that Defendants committed fraud through hacking. But Plaintiff does not plead hacking with particularity. If Plaintiff had been hacked, it would be easy for Plaintiff to allege the exact time that it was hacked, the exact manner of the hacking, and

the exact computer that was hacked. Instead, Plaintiff assumes that it was hacked because Plaintiff and Teledrip utilize similar work-flow systems. An assumption based on similarities between the two companies is not enough to allege hacking with particularity.

Plaintiff fails to state with particularity the exact time, place, and manner that it was hacked. Plaintiff states that during a one year period, one of its computers was hacked through some hacking method. (Complaint ¶7). To state hacking with particularity, Plaintiff would have to state the exact time it was hacked, the exact hacking method that was used, and which of its computers was hacked. Because Plaintiff does not include these required details, Plaintiff fails to allege hacking with particularity.

## VII.   CONCLUSION

For the foregoing reasons, Defendants respectfully move the Court to dismiss all claims against Murray and Laible, and Claims One (1) and Eight (8) against all Defendants.


 January 6, 2020                                        Respectfully submitted,

OF COUNSEL:
HAHN LOESER & PARKS LLP              /s/ Nathan B. Webb
                                                        Nathan B. Webb (0084506)
                                                        nwebb@hahnlaw.com
                                                        Christopher R. Butler (0093569)
                                                        cbutler@hahnlaw.com
                                                        200 Public Square, Suite 2800
                                                        Cleveland, OH 44114-2316
                                                        Phone:  216.621.0150
                                                        Fax:  216.241.2824

                                                        And

/s/ Jeffrey A. Yeager
Jeffrey A. Yeager (0068062)
jyeager@hahnlaw.com
65 E. State Street, Suite 1400
Columbus, OH  43215
Phone:  614.233.5128
Fax:  614.233.5167


*Attorneys for Defendants Teledrip LLC,*
*Taylor Murray, and Michael C. Laible*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing ***Motion of Defendants Teledrip LLC, Murray, and Laible to Dismiss Plaintiff's Complaint*** was served this Sixth day of January, 2020 via the Court's ECF System upon all parties by electronic means.


/s/ Nathan B. Webb
_____

*One of the Attorneys for Teledrip LLC,*
*Taylor Murray, and Michael C. Laible*