Carmine R. Zarlenga
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 263-3000
czarlenga@mayerbrown.com

Bennet Kelley
INTERNET LAW CENTER
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 452-0401
Facsimile: (702) 924-8740
bkelley@internetlawcenter.net
(*Pro Hac Vice* Forthcoming)

Attorneys for Avarus

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DRIPS HOLDINGS, LLC,<br>Plaintiff,<br><br>vs.<br><br>TELEDRIP LLC, f/k/a DRIPS.IO, et al.,<br>Defendant. | Case No.: 5:19-CV-02789<br><br>Judge John R. Adams<br><br>**THIRD-PARTY AVARUS' MOTION TO QUASH OR MODIFIY DEFENDANT TELEDRIP, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO NAMECHEAP, INC. AND/OR FOR A PROTECTIVE ORDER** |

Third-party Avarus, respectfully moves this Court for an Order pursuant to Rule 45(d)(3) quashing or modifying Defendant Teledrip, LLC's subpoena to third-party Namecheap, Inc. involving Avarus' confidential and proprietary information, or, in the alternative, for a protective order pursuant to Rule 26(c).

As set forth in the Declaration of Bennet G. Kelley attached hereto as **Exhibit 1**, Avarus has attempted in good faith to resolve this matter informally or to reach an agreement to address these matters without Court intervention, but Namecheap and Defendant Teledrip have refused to yield. Accordingly, further efforts to resolve this matter informally would be futile and would jeopardize Avarus' rights, particularly given the June 26, 2020 response date of the subpoena, necessitating this motion.

A Memorandum in Support of this Motion is attached.

Dated: June 25, 2020

Respectfully submitted,

**MAYER BROWN LLP**

BY /s/ carmine r. zarlenga

Carmine R. Zarlenga
1999 K Street, N.W.
Washington, D.C. 20006

Bennet Kelley
INTERNET LAW CENTER
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401

Attorneys for Third-Party Avarus

## MEMORANDUM IN SUPPORT

Avarus is a marketing and services company whose services include Domain Name System (DNS) services. (Declaration of Adam Young at ¶ 2. (hereinafter "Young Decl.") (Attached hereto as **Exhibit 2**.) Stated simply, DNS services translate a user's entry of a website address in a browser and directs it to that website's internet protocol address (or IP Address). (Id.) Avarus provides such DNS services for hundreds of third-party internet domains through its account with Namecheap, one of which is drips.cm. (*Id.* at ¶ 3.)

On June 9, 2020, Avarus received notice from the Namecheap Legal and Abuse Team of receipt of a subpoena from Teledrip "requesting specific information regarding your account and/or services" which stated that it must file any challenge to the subpoena and provide notice to Namecheap within five business days of receipt of the email. (*Id.* at Ex. 2A). The Teledrip Subpoena called for the production of eight categories of documents relating to "the Namecheap account(s) associated with the FreeDNS domain 'drips.cm.'" by June 19, 2020. (*Id.* at Ex 2B (Requests 1-8).) Teledrip extended the subpoena response date to June 26, 2020. (Declaration of Bennet G. Kelley at ¶ 2. (hereinafter "Kelley Decl.").)

A. *Meet and Confer Efforts*

Avarus promptly sought to meet and confer on compliance with the subpoena in a manner that did not involve the production of proprietary and irrelevant information. On June 10 and June 11, 2020, Avarus spoke at length with Teledrip counsel and his client regarding the subpoena and Avarus' concerns about its overbreadth. (Kelley Decl. at Ex. 1A.) Avarus offered to provide a declaration stating that it was the account holder and that the DNS services for drip.cm were provided through its Namecheap account, which Teledrip rejected. (*Id.* at ¶¶ 3, 5.)

Avarus also offered to permit compliance with the subpoena provided that (i) Teledrip withdraw Requests Numbers 5 and 8; and (ii) all documents were designated as Attorneys Eyes Only under the Protective Order dated April 2, 2020 entered in this matter, but Teledrip rejected this also. (*Id.* at ¶¶ 4-5.)

On June 18, 2020, Avarus served its Objections to Defendant Teledrip, LLC's Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in A Civil Action to Namecheap, Inc. (*Id*. at ¶ 6.) Teledrip, however, continued to insist on Namecheap's full compliance with the subpoena. (*Id*. at ¶ 7.)

Avarus also reached out to Namecheap as to whether they might assert objections under Rule 45 and/or whether there could be any procedure under which Avarus could properly designate documents to be produced per the Protective Oder. (*Id*. at ¶ 8.) Namecheap instead merely directed Avarus to file a motion if it did not wish Namecheap to produce documents in its discretion. (*Id*.)

    I.    **THE COURT SHOULD QUASH AND/OR MODIFY THE TELEDRIP SUBPOENA**

Under Rule 45(d)(3), the Court may quash or modify a subpoena that, inter alia, requires disclosure of (i) privileged or other protected matter; or (ii) trade secret or other confidential research, development, or commercial information. Avarus may properly seek to quash the subpoena as the real party in interest whose rights and interests are impacted by a subpoena calling for the production of its financial or business records. *See StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.*, No. 1:15-MC-00010 (N.D. Ohio. Mar. 9, 2015) at 5 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003); *accord Waite, Schneider, Bayless & Chesley Co. v. Davis*, No. 1:11-CV-0851. 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013)).

Protection from subpoenas under Rule 45 "'tracks the provisions of Rule 26(c)' which provides for the issuance of protective orders." *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2045818, at *2 (W.D. Mich Aug. 24, 2005) (*quoting Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)). Taken together, this requires that a court balance several competing factors: (i) relevance, (ii) need, (iii) confidentiality, and (iv) harm." *Id*. Courts, however, proceed cautiously in enforcing a subpoena when the information is being sought from a non-party to the litigation. *See e.g., Katz*

*v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Allen v. Howmedica Leibinger*, 190 F.R.D. 518, 521 (W.D. Tenn. 1999); *Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998).

  A. *Most of the Information Sought by the Subpoena is Unrelated to This Ligation*

Avarus does not dispute that certain information regarding the use of its Namecheap account in connection with DNS services for drips.cm is relevant and needed for Teledrip's defense to claims in Drip Holdings, LLC's Second Amended Complaint arising from the redirection of drips.cm. There is, however, nothing relevant about Avarus' use of the Namecheap account to provide DNS services for any domains *not involved* in this litigation.

As detailed below, the subpoena should be quashed as most of the information sought is entirely unrelated to the DNS service for drip.cm. *See Dean Foods Company v. Smith Dairy Products Co.*, No. 5:10MC94 at 8 (N.D. Ohio Dec. 30, 2010) (in antitrust action denying discovery for market areas in which there was "absolutely no evidence that [defendant] could compete in" those markets).

  B. *The Subpoena Calls for Highly Proprietary, Confidential and Trade Secret Information*

Not only is the information sought by the subpoena largely irrelevant to the case at hand, it constitutes highly proprietary, confidential and trade secret information closely guarded by Avarus. (Young Decl. at ¶ 11.)

Subpoena Request No. 3

This request seeks:

*All documents that refer or relate to the billing information of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, the name of the person who is billed and the street address of the person who is billed.*

Avarus objects to this Request to the extent that it improperly calls for its confidential financial information, including credit card information. (Young Decl. at ¶ 6.)

1. Subpoena Request No. 4

This request seeks:

*All documents that refer or relate to the login history of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, all IP addresses and User Agents used to access said account.*

Responding to this Request would require production of Avarus' entire account login history.  Since this account is used by Avarus, its employees, contractors, and DNS clients, this Request would disclose each of their login history, IP address and User Agent information.  (Young Decl. at ¶ 7.)  This would be opening the doors wide open into Avarus business operations, which iT has worked diligently to maintain.  (*Id.* at ¶¶ 7,11.)

3. Subpoena Request No, 5

This Request seeks:

*All documents that refer or relate to the change history of the Namecheap account associated with the FreeDNS domain "drips.cm."*

This Request would require disclosure of every change made to the Avarus account and it would ensnare every activity taken under Avarus' account for all of its clients, 99.99% of which would be unrelated to the "drips.cm" DNS services.  (Young Decl. at ¶¶ 8, 10-11.)

4. Subpoena Request No, 8

This Request seeks:

*All documents that refer or relate to any and all Namecheap accounts that utilize the same IP address(es) as the Namecheap account associated with the FreeDNS domain "drips.cm."*

This request seeks other account information unrelated to the DNS service at issue.  By its definition it is seeking information unrelated to the DNS services relating drips.cm.  In doing so, however, it would appear to require disclosure of the Namecheap accounts (based on IP address) for any party accessing the Avarus Namecheap account whether they be current or

former employees, contractors or clients and regardless of whether these other accounts have anything remotely to do with DNS services in general or the drips.cm domain specifically. This needlessly burdens third parties.

Collectively, these requests improperly intrude on Avarus' highly proprietary, confidential and trade secret information. (Young Decl. at ¶ 11.) The law is clear that customer lists and similar information is a trade secret entitled to protection under the law. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kramer*, 816 F.Supp. 1242, 1246 (N.D. Ohio 1992) (presumption of secrecy for customer lists); *accord Liveware Publ'g, Inc. v. Best Software, Inc.*, 252 F.Supp.2d 74, 85 (D. Del. 2003) (customer list is "precisely the type of business information which is regularly accorded trade secret status").

In addition, Avarus is being called upon to produce this proprietary information in a proceeding involving two other marketing companies. (*See* Drips Holdings, LLC Second Amended Complaint at ¶ 19; Teledrip, LLC Counterclaims at ¶¶ 6-9.). It has long been held that disclosure of sensitive business information to a competitor is "more harmful than disclosure to a noncompetitor." A*merican Standard Inc. v. Pfizer*, 828 F.2d 734, 741 (Fed. Cir. 1987); *accord Laborers Pension Tr. Fund v. CRS Poured Conc. Walls*, No. 04-CV-74714-DT, at 13-14 (E.D. Mich. Dec. 22, 2006) (denying motion to compel).

The existence of the Protective Order in this matter does not fully protect Avarus here since Namecheap has not allowed the ability to designate documents under the Protective Order. Even if Avarus were able to properly designate documents, the existence of a protective order should not be a license to require that wholly irrelevant documents be produced in any action involving a competitor or potential competitor in which a third-party has limited ability to police compliance with the Protective Order. *In re Vitamins Antitrust Litigation*, 267 F. Supp. 2d 738, 741- 42 (S.D. Ohio 2003) (refusing to enforce third-party subpoena of confidential information in litigation with competitors where information was not relevant and court would not be able to protect third-party if the protective order was breached).

### C. Teledrip Cannot Meet Its Burden to Compel Production

Once a party can demonstrate that a subpoena calls for trade secret or confidential information, the burden then falls upon the requesting party to demonstrate that the "information is both relevant and necessary to the pending action." *Allen v. Howmedica Leibinger, Inc.,* 190 F.R.D. 518, 525 (W.D. Tenn. 1999). "[T]he court must [then] balance the need for the information against the possible harm of disclosure." *Id.*

There is no balancing required here since Teledrip simply cannot demonstrate how data unrelated to DNS services for the drips.cm domain is relevant in this action.

### D. The Subpoena Should Be Narrowed

To the extent that the Court wishes to narrow the scope of the Teledrip subpoena, it should limited in scope to only require that Namecheap provide documents sufficient to identify (i) the account holder; and (ii) transaction history in connection with DNS services for drips.cm. In addition, the Order should permit Avarus time to review and designate all documents in accordance with the Protective Order.

## II. THE COURT SHOULD ISSUE A PROTECTIVE ORDER LIMITING DISCOVERY

Since, as discussed above, protection from subpoenas under Rule 45 "'tracks the provisions of Rule 26(c)' which provides for the issuance of protective orders," the court may properly grant a protective order limiting discovery as outlined above. *Spartanburg Reg'l Healthcare Sys. v. Hillenbrand Indus., Inc.*, No. 1:05-MC-107, 2005 WL 2045818

## CONCLUSION

Based on the foregoing moving papers and declaration thereto, all papers on file in this action and such arguments as may be made in reply and at any hearing on this motion, Avarus respectfully requests that this Court quash the Teledrip subpoena and/or (ii) limit discovery to only require that Namecheap provide documents sufficient to identify (i) the account holder; and (ii) transaction history in connection with DNS services for drips.cm. In addition, the Order

should permit Avarus time to review and designate all documents in accordance with the Protective Order.

Dated:  June 25, 2020

Respectfully submitted,

**MAYER BROWN LLP**

BY <u>/s/ carmine r. zarlenga</u>

Carmine R. Zarlenga
1999 K Street, N.W.
Washington, D.C. 20006

Attorneys for Avarus

## CERTIFICATE OF SERVICE

I certify that on June 25, 2020, THIRD-PARTY AVARUS' MOTION TO QUASH OR MODIFIY DEFENDANT TELEDRIP, LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO NAMECHEAP, INC. AND/OR FOR A PROTECTIVE ORDER was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record.

I further certify that a copy was also served on Namecheap, Inc. as follows:

>Namecheap, Inc.
>Legal & Abuse Department
>4600 E. Washington Street
>Suite 305
>Phoenix, Arizona 85034
>(via email to legal@namecheap.com)

>/s/ carmine r. zarlenga

>Carmine R. Zarlenga