# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DRIPS HOLDINGS, LLC,<br>Plaintiff, | ) <br>) <br>) | Case No.:  5:19-CV-02789 |
| vs. | ) <br>) <br>) | **DECLARATION OF BENNET KELLEY** |
| TELEDRIP LLC, f/k/a DRIPS.IO, et al.,<br>Defendant. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | |

I, BENNET G. KELLEY, declare as follows:

1.      I am an attorney at law, duly licensed to practice before the courts of this State and am founder of the Internet Law Center and counsel for third-party Avarus.  The matters set forth in this declaration are known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2.      Teledrip, LLC extended the response time to its subpoena to Namecheap to June 26, 2020.  Attached hereto as **Exhibit 1A** is a true and correct copy of Namecheap's correspondence with Teledrip.

3.      Upon receipt of the subpoena, I promptly sought to meet and confer with both Namecheap and Teledrip.  On June 10 and June 11, 2020, Avarus spoke at length with Teledrip's counsel (and his client during at least one call) regarding the subpoena and Avarus' concerns about its overbreadth.  Avarus offered to provide a declaration stating that it was the Namecheap account holder and that the DNS services for drips.cm were provided through its Namecheap account, which Teledrip rejected.

4.      Avarus also offered to permit compliance with the subpoena provided that (i) Teledrip withdrew Requests Numbers 5 and 8; and (ii) all documents were designated as Attorneys Eyes Only under the Protective Order dated April 2, 2020 entered in this matter, but Teledrip rejected this also.

5.      Attached hereto as **Exhibits 1B** is my correspondence with Teledrip's counsel in this regard.  Attached hereto as **Exhibit 1C** is my correspondence with Namecheap detailing Avarus' meet and confer efforts with Teledrip.

6.      Attached hereto as **Exhibit 1D** is a true and correct copy of Avarus' Objections to Defendant Teledrip, LLC's Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises In A Civil Action To Namecheap, Inc. which were served on June 18, 2020.

7.      Even after serving Avarus' objections, Teledrip continued to insist on Namecheap's full compliance with the subpoena.  Attached hereto as **Exhibit 1E** is a true and correct copy of correspondence with Teledrip's counsel to this effect.

8.      I continued to reach out to Namecheap to see whether they might assert objections under Rule 45 and/or whether there could be any procedure under which Avarus could properly designate documents to be produced per the Protective Oder.  Namecheap, instead, merely directed Avarus to file a motion if it did not wish Namecheap to produce documents in its discretion. Attached hereto as **Exhibit 1F** is a true and correct copy of my correspondence with Namecheap to this effect.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 25, 2020 in Los Angeles, California.

_____
Bennet Kelley

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 25, 2020 in Los Angeles, California.

_____
Bennet Kelley

# EXHIBIT 1A

RE: Re: Drips v. Teledrip Subpoena                    imap://mail.privateemail.com:993/fetch>UID>/INBOX>35894?hea...

**Case: 5:19-cv-02789-JRA  Doc #: 46-2  Filed:  06/25/20  7 of 39.  PageID #: 525**

**Subject:** RE: Re: Drips v. Teledrip Subpoena
**From:** Nathan Webb <NWebb@hahnlaw.com>
**Date:** 6/19/2020, 3:21 PM
**To:** "'Legal@namecheap.com'" <legal@namecheap.com>
**CC:** Jeffrey Yeager <jyeager@hahnlaw.com>, 'Namecheap Legal' <legal@namecheap.com>

Mrs. Wallace:

Moving the response deadline to June 26 is fine.

Would you have a few minutes to chat on Monday so we can get a sense of the volume of potential production, and associated costs?

Regards,



**Nathan B. Webb** | Partner
**Hahn Loeser & Parks LLP**
Tel: (216) 274-2222 | Fax: (330) 208-4594
NWebb@hahnlaw.com | hahnlaw.com
200 Public Square, Suite 2800, Cleveland, Ohio USA

Hahn Loeser & Parks LLP is a full-service law firm with a national footprint and international reach, with offices in Cleveland, Columbus, Naples, Fort Myers, San Diego, and Chicago.

This email may contain information that is confidential or privileged, and it is intended only for the addressee(s). If you are not the intended recipient, you are prohibited from using, copying, or distributing this email, its contents, or any attachment.

---

**From:** Legal@namecheap.com <legal@namecheap.com>
**Sent:** Friday, June 19, 2020 1:37 PM
**To:** Nathan Webb <NWebb@hahnlaw.com>
**Cc:** Jeffrey Yeager <jyeager@hahnlaw.com>; Namecheap Legal <legal@namecheap.com>
**Subject:** [EXTERNAL] Re: Drips v. Teledrip Subpoena

Hello Mr. Webb,

Thank you for the additional information.

In light of the circumstances, we would like to ask for an extension to respond until next Friday, June 26.

Please let me know if this is acceptable.

Best regards,

Kim Wallace

– –
Namecheap Legal  .  Namecheap, Inc  .  E  legal@namecheap.com  .  W  nameche

# EXHIBIT 1B

| | |
|---|---|
| **From:** | Bennet Kelley |
| **To:** | Nathan Webb |
| **Cc:** | Jeffrey Yeager |
| **Subject:** | RE: Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio) |
| **Date:** | Friday, June 12, 2020 11:00:00 AM |
| **Attachments:** | image001.png |
| | image002.png |

While my client is willing to cooperate and work with you on a declaration, the simple fact is that unless I get an extension TODAY, we will have no choice but to file a motion to quash on Monday.  It seems like a waste of your client's resources to litigate the issue, when this can be resolved in a quicker and cheaper fashion.   Please advise by 1 PM Pacific Time.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center

100 Wilshire Blvd. Suite 700

Santa Monica, CA 90401

(p) (310) 452-0401

(c) (310) 403-7741

(f) (702) 924-8740

(Skype) bennet.kelley

www.internetlawcenter.net

Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

---

**From:** Bennet Kelley
**Sent:** Friday, June 12, 2020 10:10 AM
**To:** Nathan Webb <NWebb@hahnlaw.com>
**Cc:** Jeffrey Yeager <jyeager@hahnlaw.com>
**Subject:** RE: Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio)

I will review and get back to you.  There are several errors including one that I corrected you on several times.  Nonetheless, what I DO NOT SEE is any representation of an extension of time to resolve this.  Given the detail you are requesting and the deadline we are facing, we may simply be forced to file a motion to quash.  I strongly urge you to address the immediacy element since that would be a sign of good faith.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

---

**From:** Nathan Webb <NWebb@hahnlaw.com>
**Sent:** Friday, June 12, 2020 10:03 AM
**To:** Bennet Kelley <bkelley@internetlawcenter.net>
**Cc:** Jeffrey Yeager <jyeager@hahnlaw.com>
**Subject:** RE: Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio)

Bennet:

Thanks for taking time to speak with me yesterday regarding the NameCheap subpoena. I wanted to follow-up on that conversation, both to confirm that my understanding of the facts that you related are accurate, and also advance discussions on whether, and under what circumstances, Teledrip would be willing to accept certain sworn representations regarding ownership and use of the www.drips.cm domain name instead of compliance with—or to avoid a motion to quash—the subpoena.

During yesterday's call you asserted that you represent the NameCheap account holder whose information, and associated documents, were sought to be discovered in our subpoena. You stated that your client, Avarus, offers domain name configuration services, and that the nature and scope of evidence sought in the subpoena would require the disclosure of certain confidential client information that it considered harmful, but that an Avarus representative with knowledge of facts was willing to sign a declaration stating that the re-direction of the www.drips.cm website to www.teledrip.com was simply a mistake, rather than unlawful conduct attributable to Teledrip. The explanation you provided me for this mistake was that your client provided its domain name configuration services for a foreign company that owns the www.drips.cm website, that these configuration services were outsourced by Avarus to a Pakistani company, and that the Pakistani

company made a mistake in directing traffic from www.drips.cm to www.teledrip.com. My understanding from our conversation is that www.drips.cm is not owned by Teledrip, nor any known associated individuals or companies, and that you have no reason to believe this error was in any way directed by, or attributable to, Teledrip or any of its employees, agents, or associates. You indicated that you were not authorized to disclose the identity of the foreign company that owns www.drips.cm, nor the Pakistani company who you assert mistakenly directed traffic to Teledrip's website. Nevertheless, you offered a sworn declaration from your client that you indicated could result in dismissal of the cyber-squatting claim, but that you did not intend to produce the requested evidence and would be filing a motion to quash the subpoena if the offer of a declaration was not accepted.

Having given this situation more thought, I would suggest that we address Avarus' concerns about complying with the subpoena in two ways. First, I have attached a copy of the protective order entered in the Ohio litigation, which I suggest you review to confirm that it would protect against the public disclosure of any of Avarus' confidential client information, all of which we are willing to accept and treat with the protections afforded documents designated as "Attorneys-Eyes-Only." Second, although you did not specifically describe Avarus' concerns about the subpoena requests as overbroad or unduly burdensome, and while we believe we narrowly tailored our requests to only apply to the NameCheap account associated with the www.drips.cm domain name, we are willing to work with you to address any such concerns (while stating, for the record, that NameCheap is actually the custodian of these records, and the party empowered and obligated to make responsive productions).

While our preference would be to receive actual documentary evidence proving that Teledrip is neither the owner of www.drips.cm, nor a party who directed, suggested, or was otherwise aware that this domain name was re-directing traffic to www.teledrip.com, we might be willing to consider a declaration as a substitute for the production of subpoenaed documents, depending on the specific representations made therein, and provided that it includes certain information that Teledrip, and plaintiff Drips Holdings, would consider essential to evaluating its accuracy and veracity. For example, the declaration—which could be marked as AEO, and would be not entered into the case record except under seal—would have to specify, at least:

- the name and contact information of the domain name owner;
- the name and contact information of the Pakistani company, and specific individuals, asserted to have mistakenly misdirected web traffic;
- the date this mistake occurred;
- the date the mistake was corrected, by terminating re-direction of traffic from drips.cm to www.teledrip.com;
- all other domain names owned by the owner of www.drips.cm;
- all other domain names associated with the www.drips.cm NameCheap account;
- that www.drips.cm re-direction of internet traffic to www.teledrip.com was not in any way attributable to Teledrip, or its employees, agents or other known associates;
- that www.drips.cm re-direction of internet traffic to www.teledrip.com was not in any way attributable to Drips Holdings, or its employees, agents or other known associates; and
- if known, the names of any individuals or business entities who may have directed,

suggested, or otherwise had any involvement in the Pakistani company's re-direction of web traffic from www.drips.cm to www.teledrip.com.

If your client wants to further pursue resolution of the subpoena dispute by way of declaration, we would welcome a draft for our review and further evaluation, understanding that we are not agreeing that such declaration would necessarily be acceptable, and that our preference would be to address the concerns you elaborated on yesterday's call by ensuring the protective order is strictly applied to all Avarus information, and by addressing any other concerns by way of additional good faith discussions between counsel.

Please confirm that my recitation of the facts related during yesterday's call are accurate, and let us know how you want to proceed. Depending on next steps, we remain willing to communicate with NameCheap about an extension to the subpoena deadline.

Regards,



**Nathan B. Webb** | Partner
**Hahn Loeser & Parks LLP**
Tel: (216) 274-2222 | Fax: (330) 208-4594
NWebb@hahnlaw.com | hahnlaw.com
200 Public Square, Suite 2800, Cleveland, Ohio USA

Hahn Loeser & Parks LLP is a full-service law firm with a national footprint and international reach, with offices in Cleveland, Columbus, Naples, Fort Myers, San Diego, and Chicago.

This email may contain information that is confidential or privileged, and it is intended only for the addressee(s). If you are not the intended recipient, you are prohibited from using, copying, or distributing this email, its contents, or any attachment.

**From:** Bennet Kelley <bkelley@internetlawcenter.net>
**Sent:** Thursday, June 11, 2020 2:18 PM
**To:** Nathan Webb <NWebb@hahnlaw.com>
**Subject:** [EXTERNAL] RE: Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio)

My cell is better 310-403-7741

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401

(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
[www.internetlawcenter.net](www.internetlawcenter.net)
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

---

**From:** Nathan Webb <[NWebb@hahnlaw.com](NWebb@hahnlaw.com)>
**Sent:** Thursday, June 11, 2020 9:27 AM
**To:** Bennet Kelley <[bkelley@internetlawcenter.net](bkelley@internetlawcenter.net)>
**Subject:** RE: Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio)

Mr. Kelley:

Thanks for your prompt attention to the subpoena. I am available today at 1:00 PST, does that work for you? If so, I'll your office number at that time.

Regards,



**Nathan B. Webb** | Partner
**Hahn Loeser & Parks LLP**
Tel: (216) 274-2222 | Fax: (330) 208-4594
[NWebb@hahnlaw.com](NWebb@hahnlaw.com) | [hahnlaw.com](hahnlaw.com)
200 Public Square, Suite 2800, Cleveland, Ohio USA

Hahn Loeser & Parks LLP is a full-service law firm with a national footprint and international reach, with offices in Cleveland, Columbus, Naples, Fort Myers, San Diego, and Chicago.

This email may contain information that is confidential or privileged, and it is intended only for the addressee(s). If you are not the intended recipient, you are prohibited from using, copying, or distributing this email, its contents, or any attachment.

---

**From:** Bennet Kelley <[bkelley@internetlawcenter.net](bkelley@internetlawcenter.net)>
**Sent:** Wednesday, June 10, 2020 8:38 PM
**To:** Nathan Webb <[NWebb@hahnlaw.com](NWebb@hahnlaw.com)>
**Subject:** [EXTERNAL] Drip Holdings LLC v Teledrip LLC, Case No. 5-19-CV-02789-JRA (N.D. Ohio)

Mr. Webb:

I would like to schedule a time to talk with you tomorrow afternoon regarding the Namecheap subpoena in the above-referenced case.  Please let me know your availability.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

**\*\*\*NOTICE\*\*\* This came from an external source. Use caution when replying, clicking links, or opening attachments.**

**\*\*\*NOTICE\*\*\* This came from an external source. Use caution when replying, clicking links, or opening attachments.**

# EXHIBIT 1C

| From: | Bennet Kelley |
|---|---|
| To: | legalandabuse@namecheap.com; legal@namecheap.com |
| Subject: | RE: Namecheap Ticket ID: ID-921-75847 |
| Date: | Tuesday, June 16, 2020 12:47:00 PM |

I wanted to update you on this subpoena.  I have been in contact with your outside counsel (Mr. Rome) who is a colleague.

Teledrip issued this subpoena to Namecheap calling for my client's account info.

We offered a declaration in lieu thereof, they rejected it.

We then asked that all documents be designated as attorneys' eyes only under the case's protective order; and that they withdraw subpoena requests numbers 5 and 8.

They rejected that.

I would like to speak with someone with Namecheap on responding, specifically:

- Namecheap getting a short extension of time to respond to address these issues;
- Asserting objections (we would be happy to draft) to the subpoena; and
- Producing documents in accordance with our last proposal above.


Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

**From:** Namecheap.com <legalandabuse@namecheap.com>
**Sent:** Wednesday, June 10, 2020 5:00 PM
**To:** Bennet Kelley <bkelley@internetlawcenter.net>
**Subject:** Re: Namecheap Ticket ID: ID-921-75847

Hello,

Thank you for contacting us. This is an automated response confirming the receipt of your ticket. Our team will get back to you as soon as possible. When replying, please make sure that the ticket ID is kept in the subject so that we can track your replies.

You can check the status of or update this ticket online at
https://support.namecheap.com/index.php?/Tickets/ViewList

If you already have a notice from Legal & Abuse department regarding the matter, it is advised to reply to the notice so that we may keep the correspondence within one ticket and to avoid any possible confusion. You are able to review your ticket history in the following way:

- go to https://www.namecheap.com/ and sign in to your Namecheap account;
- mouse over to 'Support' button on the black bar at the top and click 'Submit Ticket';
- use your Namecheap login details to log in to support system;
- once done 'View Tickets' button should appear;
- find the ticket you need and click to open;
- You may send replies using 'Post Reply' option.


Kind regards,
Legal & Abuse Department
Namecheap.com

---

Helpdesk:  https://support.namecheap.com/index.php?

# EXHIBIT 1D

Bennet Kelley (SBN 177001)
INTERNET LAW CENTER
100 Wilshire Blvd., Suite 940
Santa Monica, CA 90401
Telephone: (310) 452-0401
Facsimile: (702) 924-8740
bkelley@internetlawcenter.net

Attorneys for Avarus

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DRIPS HOLDINGS, LLC,<br>Plaintiff,<br><br>vs.<br><br>TELEDRIP LLC, f/k/a DRIPS.IO, et al.,<br>Defendant. | ) Case No.:  5:19-CV-02789<br>)<br>) **AVARUS' OBJECTIONS TO DEFENDANT**<br>) **TELEDRIP, LLC'S SUBPOENA TO**<br>) **PRODUCE DOCUMENTS,**<br>) **INFORMATION, OR OBJECTS**<br>) **OR TO PERMIT INSPECTION OF**<br>) **PREMISES IN A CIVIL ACTION TO**<br>) **NAMECHEAP, INC.**<br>)<br>) *CONFIDENTIAL SUBJECT TO*<br>) *PROTECTIVE ORDER DATED APRIL 2,*<br>) *2020*<br>) |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Avarus states its objections to

Defendant Teledrip, LLC's Subpoena to Produce Documents, Information, or Objects

or to Permit Inspection of Premises in a Civil Action to Namecheap, Inc. ("Teledrip Subpoena").

Avarus states these objections to the Teledrip Subpoena as the holder of the Namecheap, Inc.

account "associated with the FreeDNS domain 'drips.cm'" to which the Teledrip Subpoena is

directed.  Avarus is a Wyoming corporation with its principal place of busines at 1621 Central

Ave. Cheyenne, WY 82001.


Avarus designates this response as **CONFIDENTIAL - SUBJECT TO PROTECTIVE**

**ORDER** pursuant to the Protective Order dated April 2, 2020 entered in this matter.

## GENERAL OBJECTIONS

Avarus makes the following general objections, which apply to each and every one of the Requests, including any definitions or instructions associated therewith.  Although Avarus may object and/or respond specifically to certain Document Requests, these general objections are incorporated into each specific response set forth below, and no response should be considered, or is, a waiver of any general objection.

1.      Avarus objects to the Document Requests, and each of them, to the extent that they call for information that is irrelevant to the subject matter involved in the pending action and are not reasonably calculated to lead to the discovery of admissible evidence.

2.      Avarus objects to the extent that the Document Requests are intended to or could be construed to call for information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, the trade secret privilege, or any other applicable privilege, whether or not these objections are separately stated for each Document Request.

3.      Avarus objects to the Document Requests to the extent they seek disclosure of proprietary and/or confidential business information of Avarus.

4.      Avarus objects to these Document Requests to the extent they seek information not within Avarus' possession, custody, or control, or seek information that is beyond the scope of properly discoverable information under the Federal Rules of Civil Procedure.

5.      Avarus objects to these Document Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, or seek information that is not relevant to the parties' claims or defenses or not reasonably calculated to lead to the discovery of admissible evidence.

6.      Avarus objects to the Document Requests on the ground that they are not limited to a reasonable time frame.

7.      Avarus objects to the Document Requests, and any implied or express instruction or direction in the Document Requests, that imposes or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.


## SPECIFIC OBJECTIONS AND RESPONSES


Document Request No. 1

All documents that refer or relate to the account owner of the Namecheap account(s) associated with the FreeDNS domain "drips.cm."

**Response to Document Request No. 1**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in calling for "all documents that refer or relate" to the account owner of the identified account rather than documents sufficient to identify the account owner.  Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Subject to, and without waiver of, the foregoing general and specific objections, in lieu of production of responsive documents, Avarus represents that it is the holder the account associated with the FreeDNS domain "drips.cm".


Document Request No. 2

All documents that refer or relate to the contact information, including but not limited to, the email address, phone number, and street address, of the account owner of the Namecheap account associated with the FreeDNS domain "drips.cm."

**Response to Document Request No. 2**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in calling for "all documents that refer or relate" to the account owner of the identified account rather than documents sufficient to identify the account owner.  Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Subject to, and without waiver of, the foregoing general and specific objections, in lieu of production of responsive documents, Avarus represents that it is the holder the account associated with the FreeDNS domain "drips.cm" and may be contacted through its counsel who is authorized to accept service on its behalf.

Document Request No. 3

All documents that refer or relate to the billing information of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, the name of the person who is billed and the street address of the person who is billed.

**Response to Document Request No. 3**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in calling for "all documents that refer or relate" to the account owner of the identified account rather than documents sufficient to identify the account owner.  Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered

in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Subject to, and without waiver of, the foregoing general and specific objections, in lieu of production of responsive documents, Avarus represents payments for the account associated with the FreeDNS domain "drips.cm," are made by Avarus and its predecessor entity.

Document Request No. 4

All documents that refer or relate to the login history of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, all IP addresses and User Agents used to access said account.

**Response to Document Request No. 4**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in (i) calling for "all documents that refer or relate" to all IP addresses and User Agents used to access said account; (ii) to the extent it seeks access to information unrelated to the "drips.cm" domain; and (iii) calls for the release of third-party information including employee, contractors and clients unrelated to the drips.cm domain.

Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Document Request No. 5

All documents that refer or relate to the change history of the Namecheap account associated with the FreeDNS domain "drips.cm."

**Response to Document Request No. 5**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in (i) calling for "all documents that refer or relate" to the account's change history; (ii) to the extent it seeks access to information unrelated to the "drips.cm" domain including every transaction involving both FreeDNS services and unrelated services provided by Avarus which is extremely sensitive and proprietary information; and (iii) calls for the release of third-party information including employee, contractors and clients unrelated to the drips.cm domain.

Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Document Request No. 6

All documents that refer or relate to the creation of the Namecheap account associated with the FreeDNS domain "drips.cm."

**Response to Document Request No. 6**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in (i) calling for "all documents that refer or relate" to the account's creation. Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Subject to, and without waiver of the foregoing general and specific objections, in lieu of production of responsive documents, Avarus represents that the account was created by its predecessor entity.

Document Request No. 7

All documents that refer or relate to the creation of the URL redirect from drips.cm to Teledrip.com, including, but not limited to, the FreeDNS setup timestamps and/or logs.

**Response to Document Request No. 7**

Avarus objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Document Request No. 8

All documents that refer or relate to any and all Namecheap accounts that utilize the same IP address(es) as the Namecheap account associated with the FreeDNS domain "drips.cm."

**Response to Document Request No. 8**

Avarus objects to this Request to the extent that it is overly broad and unduly burdensome in (i) calling for "all documents that refer or relate" to all Namecheap accounts that utilize the same IP address; and (ii) to the extent it seeks access to information unrelated to both the "drips.cm" domain and Avarus itself; and (iii) calls for the release of third-party information including employee, contractors and clients unrelated to the drips.cm domain.

Avarus further objects to this Request to the extent that it calls for the production of "Confidential Information" and/or "Attorneys Eyes Only" information pursuant to the Protective Order dated April 2, 2020 entered in this case absent a mechanism by which Avarus may assert such rights prior to any production by Namecheap.

Dated:  June 18, 2020                    Respectfully submitted,


                                         **INTERNET LAW CENTER**


                                         BY /s/ bennet g. kelley

                                         Bennet G. Kelley
                                         100 Wilshire Blvd, Suite 700
                                         Santa Monica, CA 90401

                                         Attorneys for Avarus

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that, on June 18, 2020, I served the foregoing AVARUS'
OBJECTIONS TO DEFENDANT TELEDRIP, LLC'S SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
PREMISES IN A CIVIL ACTION TO NAMECHEAP, INC. by U.S. mail postage prepaid and
email as follows:

| | | |
|---|---|---|
| Nathan B. Webb | Deborah A. Wilcox | Namecheap, Inc. |
| Hahn Loeser & Parks LLP | Baker & Hostetler LLP | Legal & Abuse Department |
| 200 Public Square, Suite 2800 | Key Tower | 4600 E. Washington Street |
| Cleveland, OH 44114-2316 | 127 Public Square, Suite 2000 | Suite 305 |
| nwebb@hahnlaw.com | Cleveland, OH 44114-1214 | Phoenix, Arizona 85034 |
| | dwilcox@bakerlaw.com | legal@namecheap.com |
| | | |
| Attorney for Teledrip LLC | Attorneys for Drips Holdings, LLC | Third Party Namecheap, Inc. |

Executed on June 18, 2020 at Los Angeles, California.


 _/s/ bennet g. kelley

Bennet Kelley

# EXHIBIT 1E

| From: | Nathan Webb |
|---|---|
| To: | Bennet Kelley; legal@namecheap.com; legalandabuse@namecheap.com |
| Cc: | dwilcox@bakerlaw.com; Jeffrey Yeager; "Moser, Christina J." |
| Subject: | RE: Avarus Objections to Defendant Teledrip, LLC's Subpoena to Produce Documents, Information, or Objects |
| Date: | Thursday, June 18, 2020 2:42:42 PM |
| Attachments: | image003.png |

We are in receipt of the Objections that "Avarus" (a company formed a day after the subpoena was served) has circulated with respect to the Teledrip Subpoena served on Namecheap, Inc. on or about June 5, 2020.   I want to reiterate at the outset that we appreciate Kim Wallace's prior e-mail confirming acceptance of service of the Subpoena, and hope that we can continue to cooperate in addressing any issues raised in connection with the same.

To that end, we first want to note that although Avarus may be asserting rights with respect to information responsive to the Subpoena, it does not have standing to directly object to the Subpoena pursuant to Fed. R. Civ. P. 45(B), as it is not the person commanded to respond and produce documents, nor has Avarus moved to quash the Subpoena.

We attempted last week to address and resolve issues raised by Mr. Kelley (on behalf of Avarus) with respect to the Subpoena, however, we simply cannot agree to accept "representations" in lieu of production, nor are those representations any basis to withhold documents in response to the Subpoena.  Moreover, the representations made in the Objections, such as they are, are incomplete and evasive.

We also note that Avarus does not have any standing to assert "undue burden" in making the production, as it is Namecheap that is the custodian of the requested records and therefore the party responsible for gathering and producing documents.  To date, we are unaware of any concerns on the part of Namecheap regarding the burden of production, but if there are, we are of course more than happy to meet and confer in an effort to address any such concerns, understanding that because tomorrow is the return date on the Subpoena, the requested documents may have already been assembled and the issue mooted.

With respect to the application of the Protective Order in this case, which we provided to Mr. Kelley last Friday, it allows for parties responding to a subpoena to apply confidentiality designations to documents when they are produced.  If Namecheap needs additional time for the purpose of allowing Avarus to make such designations, we are certainly willing to work with you to provide reasonable additional time to produce, under a mutually agreeable process.

That said, and to sum things up, we must stress that we have not agreed—by way of any statements to Mr. Kelley or his client(s)—that Namecheap can withhold any responsive documents.  We therefore request that Namecheap confirm whether it will, subject to the protective order, be producing all responsive documents after a reasonable time  has been provided for making designations under the protective order; and if not, to promptly identify any objections it might have, so that we can attempt to resolve any disputes, and hopefully avoid judicial intervention.

Understanding that Namecheap only received these objections the day before a return is due, we reserve the right to more fully respond to any issues to be raised by Namecheap, Inc. on its own

behalf or on behalf of Avarus, but welcome the opportunity to work with you to address any
remaining concerns.

Regards,



**Nathan B. Webb** | Partner
**Hahn Loeser & Parks LLP**
Tel: (216) 274-2222 | Fax: (330) 208-4594
NWebb@hahnlaw.com | hahnlaw.com
200 Public Square, Suite 2800, Cleveland, Ohio USA

Hahn Loeser & Parks LLP is a full-service law firm with a national footprint and international reach, with offices in Cleveland, Columbus, Naples, Fort Myers, San Diego, and Chicago.

This email may contain information that is confidential or privileged, and it is intended only for the addressee(s). If you are not the intended recipient, you are prohibited from using, copying, or distributing this email, its contents, or any attachment.

**From:** Bennet Kelley <bkelley@internetlawcenter.net>
**Sent:** Thursday, June 18, 2020 2:32 PM
**To:** legal@namecheap.com; legalandabuse@namecheap.com
**Cc:** Nathan Webb <NWebb@hahnlaw.com>; dwilcox@bakerlaw.com
**Subject:** [EXTERNAL] Avarus Objections to Defendant Teledrip, LLC's Subpoena to Produce
Documents, Information, or Objects

Dear Sir/Madam:

Please see the attached Avarus Objections to Defendant Teledrip, LLC's Subpoena to Produce
Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to
Namecheap, Inc.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

**\*\*\*NOTICE\*\*\* This came from an external source. Use caution when replying, clicking links, or opening attachments.**

# EXHIBIT 1F

| From: | Jenn Suarez |
|---|---|
| To: | Bennet Kelley |
| Cc: | Brennan Walter; Namecheap Legal |
| Subject: | Re: Namecheap Ticket ID: ID-921-75847 |
| Date: | Tuesday, June 23, 2020 1:40:11 PM |

Hi Bennet,

Namecheap is a neutral party in this situation and is required to comply with properly served subpoenas.  We provided notice of this subpoena so that Mr. Buck would have an opportunity to step in and Quash.  This is the only Motion that we are aware of which provides a legal basis to excuse us from production.  Indeed, there could be no expectations of Namecheap other than it would be required to comply unless legally excused.

Our prior email conversation also said specifically a Motion to Quash.  (See Brennan's email below from June 16th).  We are willing to review any case law/legal basis you have that would excuse us from producing under an Objection to production.  We are not aware of anything but remain open to what you might provide.  Otherwise, we are legally obligated to produce by Friday.  The procedure we follow will be the standard procedure for production which is to provide the files electronically as directed under the subpoena.

A conversation won't change what we are mandated to do.  In sum, unless there is a Motion to Quash (or we are provided with sufficient case /statutory law that demonstrates we are excused if an Objection is filed), we must produce in full by Friday.

Sincerely,

Jennifer Suarez


On Jun 23, 2020, at 11:39 AM, Bennet Kelley <bkelley@internetlawcenter.net> wrote:

That is why I wanted to have a discussion rather than a string of staccato emails so that expectations are clear.

We were told if we filed a motion or objections Namecheap would not produce anything and filed objections.  Now we are being told that is insufficient..

I want to have a discussion so that we are clear what our timetables are  on this issue since there are issues such as local counsel that need to be addressed should we be required to file a motion.  In addition, if Namecheap is going to produce any documents what procedure will be followed to enable my client to protect their interests in terms of designating the documents under the Protective Order as confidential or AEO.

I am, after all, writing on behalf of your customer.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

**From:** Jenn Suarez <jenn@namecheap.com>
**Sent:** Monday, June 22, 2020 2:50 PM
**To:** Bennet Kelley <bkelley@internetlawcenter.net>
**Cc:** Brennan Walter <brennan.walter@namecheap.com>; Namecheap Legal <legal@namecheap.com>
**Subject:** Re: Namecheap Ticket ID: ID-921-75847

Hi Bennet,

If we are obligated to produce, we must produce.  I'm not aware of any case law or statutes (outside of those re: a Motion to Quash) that would excuse Namecheap from producing.

Under the extension provided, we have until Friday.  Happy to review any that you have.  We do not have to produce until Friday If you have sources for us to review that would provide this basis for a filing that is an Objection - we're happy to review. Otherwise, we are required to comply.

J

> On Jun 22, 2020, at 11:45 AM, Bennet Kelley
> <bkelley@internetlawcenter.net> wrote:

Could we have a call on this?  Based on prior correspondence I was informed that no production would occur if we filed objections – which we did.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received it by mistake, please let us know by e-mail reply and delete it from your system; you may not copy this message or disclose its contents to anyone. The integrity and security of this message cannot be guaranteed on the Internet.

---

**From:** Jenn Suarez <jenn@namecheap.com>
**Sent:** Monday, June 22, 2020 10:44 AM
**To:** Bennet Kelley <bkelley@internetlawcenter.net>
**Cc:** Brennan Walter <brennan.walter@namecheap.com>; Namecheap Legal <legal@namecheap.com>
**Subject:** Re: Namecheap Ticket ID: ID-921-75847

Hi Mr. Kelley,

Brennan is on my team is will be out of the office for several days.  I'm stepping in to introduce myself and confirm that Teledrip has agreed to provide an extension to the production until this Friday, June 26th. Production is due on that day and I wanted to make sure you had this information.

Sincerely,

Jennifer Suarez

On Jun 18, 2020, at 4:11 PM, Bennet Kelley
<bkelley@internetlawcenter.net> wrote:

Walter:

Sorry for not responding sooner, but this was lost in my junk
folder.  Pursuant to our correspondence yesterday, we
elected to serve objections to the subpoena today with the
understanding that NameCheap would not produce anything
if this was timely served.

I am sure you have seen Teledrip's response and I would like
the opportunity to discuss this with you.  We will, of course,
follow your direction.

Very truly yours,

*Bennet G. Kelley*

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged or otherwise
protected by work product immunity or other legal rules. If you have
received it by mistake, please let us know by e-mail reply and delete it
from your system; you may not copy this message or disclose its
contents to anyone. The integrity and security of this message cannot
be guaranteed on the Internet.

**From:** Brennan Walter <brennan.walter@namecheap.com>
**Sent:** Tuesday, June 16, 2020 1:40 PM
**To:** Bennet Kelley <bkelley@internetlawcenter.net>
**Cc:** legal@namecheap.com
**Subject:** Re: Namecheap Ticket ID: ID-921-75847

Hello Mr. Kelley,

We confirm receipt of your below e-mail.

Unfortunately, Namecheap does not intervene in lawsuits between third parties.  We recommend that you file a Motion To Quash.  Otherwise, we must follow our obligations under the law and comply with the subpoena by the June 19, 2020 deadline.

Please let us know if a Motion to Quash is filed or Counsel for Teledrip grants you an extension to file your motion.

Thank you!

Brennan Walter

Namecheap Legal. Namecheap, Inc. E
legal@namecheap.com. W namecheap.com
On 6/16/2020 3:47 PM, Bennet Kelley wrote:

> I wanted to update you on this subpoena.  I have been in contact with your outside counsel (Mr. Rome) who is a colleague.
>
> Teledrip issued this subpoena to Namecheap calling for my client's account info.
>
> We offered a declaration in lieu thereof, they rejected it.
>
> We then asked that all documents be designated as attorneys' eyes only under the case's protective order; and that they withdraw subpoena requests numbers 5 and 8.
>
> They rejected that.
>
> I would like to speak with someone with Namecheap on responding, specifically:
>
> - Namecheap getting a short extension of time to respond to address these issues;
> - Asserting objections (we would be happy to draft) to the subpoena; and
> - Producing documents in accordance

with our last proposal above.

Very truly yours,

**Bennet G. Kelley**

Internet Law Center
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
(p) (310) 452-0401
(c) (310) 403-7741
(f) (702) 924-8740
(Skype) bennet.kelley
www.internetlawcenter.net
Tw: @InternetLawCent

This message is confidential. It may also be privileged
or otherwise protected by work product immunity or
other legal rules. If you have received it by mistake,
please let us know by e-mail reply and delete it from
your system; you may not copy this message or
disclose its contents to anyone. The integrity and
security of this message cannot be guaranteed on the
Internet.

---

**From:** Namecheap.com
<legalandabuse@namecheap.com>
**Sent:** Wednesday, June 10, 2020 5:00 PM
**To:** Bennet Kelley
<bkelley@internetlawcenter.net>
**Subject:** Re: Namecheap Ticket ID: ID-921-
75847

Hello,

Thank you for contacting us. This is an
automated response confirming the receipt
of your ticket. Our team will get back to
you as soon as possible. When replying,
please make sure that the ticket ID is kept
in the subject so that we can track your
replies.

You can check the status of or update this ticket online at https://support.namecheap.com/index.php?/Tickets/ViewList

If you already have a notice from Legal & Abuse department regarding the matter, it is advised to reply to the notice so that we may keep the correspondence within one ticket and to avoid any possible confusion. You are able to review your ticket history in the following way:

- go to https://www.namecheap.com/ and sign in to your Namecheap account;
- mouse over to 'Support' button on the black bar at the top and click 'Submit Ticket';
- use your Namecheap login details to log in to support system;
- once done 'View Tickets' button should appear;
- find the ticket you need and click to open;
- You may send replies using 'Post Reply' option.


Kind regards,
Legal & Abuse Department
Namecheap.com

---

Helpdesk:
https://support.namecheap.com/index.php?

Jennifer Suarez  .  Namecheap, Inc  .  E  jenn@namecheap.com  .  W  namecheap.com

Jennifer Suarez  .  Namecheap, Inc  .  E  jenn@namecheap.com  .  W  namecheap.com

Jennifer Suarez  .  Namecheap, Inc  .  E  jenn@namecheap.com  .  W  namecheap.com