# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DRIPS HOLDINGS, LLC,
Plaintiff,

vs.

TELEDRIP LLC, f/k/a DRIPS.IO, et al.,
Defendant.

Case No.: 5:19-CV-02789

**DECLARATION OF ADAM YOUNG**

I, ADAM YOUNG, declare as follows:

1. I am Chief Executive Officer of Avarus. The matters set forth in this declaration are known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. Avarus is a marketing and services company whose services include free Domain Name System (DNS) service. Stated simply, DNS services translate a user's entry of a website address in a browser and direct it to that website's internet protocol address (or IP Address).

3. Avarus provides such DNS services for hundreds of third-party internet domains through its account with Namecheap, one of which is drips.cm. The account is and has been controlled by Avarus and its predecessor entity of the same name.

4. On June 9, 2020, Avarus received notice from the Namecheap Legal and Abuse Team of receipt of a subpoena from Teledrip "requesting specific information regarding your account and/or services" which stated that it must file any challenge to the subpoena and provide notice to Namecheap within five business days of receipt of the email. Attached hereto as **Exhibit 2A** is a true and correct copy of the email from Namecheap.

5. Attached hereto as **Exhibit 2B** is a true and correct copy of the subpoena issued by Teledrip, LLC to Namecheap.

6. The billing information included in the Avarus Namecheap account includes confidential financial information, including credit card information.

7. The login history for the Avarus Namecheap account would include login history not only for Avarus, its employees and contractors, but Avarus also allows some of its clients to login and use its account for DNS services and other services. As a result, login history would also reveal information on Avarus' clients that is kept secret and not shared publicly.

8. The change history for the Avarus Namecheap account would record every action by Avarus, its employees, contractors, DNS clients and clients for unrelated services taken with respect to the account. It would reveal substantially all of Avarus employees or contracts and clients.

9. A request to track the IP addresses and locate Namecheap accounts for every user of the Avarus Namecheap account would require disclosure of the Namecheap accounts for any party accessing the Avarus Namecheap account whether they be current or former employees, contractors or clients and regardless of whether these other accounts have anything remotely to do with DNS services in general.

10. I can confidently say that 99.99 percent of all information in the Avarus Namecheap billing information, login history and change history bears no relation whatsoever to DNS services for drips.cm.

11. The information sought regarding its financial details and the manner in which Avarus uses its Namecheap account, the identity of the clients and domains it provides services to and contractors used are all information that is closely guarded by Namecheap and not publicly available, as Avarus views this as a company trade secret. Avarus protects such information through non-disclosure agreements and confidentiality provisions where appropriate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 25, 2020 in San Diego, California.

_____
Adam Young

# EXHIBIT 2A



Bennet Kelley <internetlawcenter@gmail.com>

## Fwd: [#IID-921-75847]: IMPORTANT: Subpoena regarding your account
1 message

**Bruce Buck** <treasureadsinc@gmail.com>                                    Tue, Jun 9, 2020 at 4:34 PM
To: internetlawcenter@gmail.com

---------- Forwarded message ---------
From: **Namecheap Legal & Abuse Team** <legalandabuse@namecheap.com>
Date: Mon, Jun 8, 2020 at 7:43 PM
Subject: [#IID-921-75847]: IMPORTANT: Subpoena regarding your account
To: <treasureadsinc@gmail.com>


Dear Customer,

Namecheap is in receipt of the attached subpoena requesting specific information regarding your account and/or services. Namecheap is mandated, by law, to comply with U.S. court orders and/or subpoenas by providing the information requested by the deadline listed.

If you intend to challenge the plaintiff's request for information, you must file a response with the appropriate jurisdiction and/or retain an attorney of your choosing. You also must provide a notice of intent to challenge and a copy of the filed document to Namecheap's legal department at legal@namecheap.com within 5 business days of receiving this email.

Please do not reply to this e-mail.

Thank you.

-----------------------
Regards,
Andrey K.
Shift Leader
Legal & Abuse Department
Namecheap, Inc.

Ticket Details

Ticket ID: IID-921-75847
Department: Abuse Cases
Type: Domains L&A
Status: Awaiting Client Response
Priority: High

Helpdesk: https://support.namecheap.com/index.php?

📄 **2020.06.05 Teledrip Subpoena to Namecheap.PDF**
220K

# EXHIBIT 2B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| Drips Holdings LLC | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:19-CV-02789-JRA |
| Teledrip LLC | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Namecheap, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.  **In lieu of personally appearing, please contact the undersigned to arrange for the production of documents.**

| Place: Bartelt/Nix Reporting, LLC<br>3101 N. Central Avenue, Suite 290<br>Phoenix, AZ 85012 | Date and Time:<br>Friday June 19, 12:00pm EST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/05/2020

*CLERK OF COURT*

OR

_____  /s/ Nathan Webb
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Teledrip LLC , who issues or requests this subpoena, are:

Nathan B. Webb, 200 Public Square, Suite 2800 Cleveland, OH 44114 - nwebb@hahnlaw.com - 216.274.2222

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:19-CV-02789-JRA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DEFINITIONS

For the purpose of Teledrip LLC's Subpoena unless otherwise stated, the following terms shall have the meanings indicated:

1. "Person" or "entity" shall mean individuals and entities, including but not limited to all natural persons, businesses, firms, partnerships, associations, organizations, governmental units, joint ventures, corporations, and any other entities.

2. The term "Document" as used herein means any original and every non-identical copy or reproduction of any document or tangible thing within the context of Federal Rule of Civil Procedure 45 in the possession, custody, or control of Plaintiff, including, for example, but not limited to, any and all writings and recordings of whatever nature, however produced or stored or reproduced (e.g., on paper, computer disk, computer hard drive, computer tape, microfiche, or microfilm), whether signed or unsigned, or transcribed, and whether assertively privileged or not, including, without limitation, any letter, request, order, notice, schedule, tabulation, diary, newspaper clipping, internal file, working paper, communication, correspondence, memorandum, telex, telegram, electronic mail ("E-mail"), communication or back-up tape, voicemail communication or back-up tape, cable, contract, agreement, amendment, receipt, manual, journal, ledger, diary, summary or record of telephone or other conversation (e.g., personal conversation, interview, meeting or conference), bill, voucher, income statement, financial statement, statement of account, checkbooks, cancelled checks, deposit tickets, charge slips, statements requesting payment, requisitions, files, reports, records, studies, handwritten notes, working papers, charts, tapes, voice recordings, computer output or input, and photographic or graphic matter.

    Different versions of the same document (e.g., copies of a printed document with differing handwritten notations and superseded drafts) are different documents within the meaning of that term as used herein. The term "document," as it relates to electronic documents, includes all active data and deleted data.

3. The terms "evidence," refer," "reflect," or "relate" mean containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, mentioning, analyzing, constituting, comprising, setting forth, summarizing, or characterizing either directly or indirectly, in whole or in part.

4. In order to bring within the scope of this Subpoena any and all conceivably relevant matters or documents which might otherwise be construed to be outside the scope:

   a. The singular of each word shall be construed to include its plural and vice versa;
   b. "And," as well as "or," shall be construed both conjunctively as well as disjunctively;
   c. "Each" shall be construed to include "every" and vice versa;
   d. "Any" shall be construed to include "all" and vice versa;
   e. The present tense shall be construed to include the past tense and vice versa; and
   f. The masculine shall be construed to include the feminine and vice versa.

## INSTRUCTIONS

1. All information is to be divulged which is in your possession, custody, or control or within the possession, custody, or control of your attorneys, investigators, agents, employees, or other representatives of you or your attorney.

2. Documents produced in response to these requests should be segregated by request number and, where applicable, request subpart.

3. If you claim that any document requested is privileged and/or otherwise protected from disclosure, for each such document, identify:

    a. Its date;

    b. Its author(s);

    c. The business title or position of its author(s);

    d. Its recipient(s);

    e. The business or position of its recipient(s);

    f. Its number of pages;

    g. Its stated subject matter;

    h. The basis upon which you claim the document is privileged or protected; and

    i. The specific portion of the Request for Production to which the document is responsive.

4. You are reminded that all responses must be made separately and that an incomplete or evasive answer is a failure to answer.

5. You are under a continuing duty pursuant to Federal Rule of Civil Procedure 45 to correct any response which you now or later learn is incorrect or incomplete.

6. Pursuant to Federal Rule of Civil Procedure 45, Defendants request that documents existing as electronically stored information be produced in their native file formats and delivered via media to be mutually agreed, e.g., portable hard drive(s). Defendant specifically request that each document be produced as a single file (i.e., individual pages not be produced as separate files, and multiple documents not be grouped into a single file). To the extent a document maintained as electronically stored information is completely duplicative of a hard copy document, the party need only produce the electronically stored version thereof.

# DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS THAT MUST BE PRODUCED

Please produce:

1. All documents that refer or relate to the account owner of the Namecheap account(s) associated with the FreeDNS domain "drips.cm."

2. All documents that refer or relate to the contact information, including but not limited to, the email address, phone number, and street address, of the account owner of the Namecheap account associated with the FreeDNS domain "drips.cm."

3. All documents that refer or relate to the billing information of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, the name of the person who is billed and the street address of the person who is billed.

4. All documents that refer or relate to the login history of the Namecheap account associated with the FreeDNS domain "drips.cm," including, but not limited to, all IP addresses and User Agents used to access said account.

5. All documents that refer or relate to the change history of the Namecheap account associated with the FreeDNS domain "drips.cm."

6. All documents that refer or relate to the creation of the Namecheap account associated with the FreeDNS domain "drips.cm."

7. All documents that refer or relate to the creation of the URL redirect from drips.cm to Teledrip.com, including, but not limited to, the FreeDNS setup timestamps and/or logs.

8. All documents that refer or relate to any and all Namecheap accounts that utilize the same IP address(es) as the Namecheap account associated with the FreeDNS domain "drips.cm."

Notwithstanding any objections you may have to any individual Request, we would appreciate you producing responsive documents to Requests for which you do not object by the above deadline. If you have any objections to the above Requests, please feel free to contact the undersigned directly so we can discuss any necessary accommodations.