**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON**

| | | |
|---|---|---|
| DRIPS HOLDINGS, LLC, | ) | CASE NO. 5:19-CV-02789-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| TELEDRIP LLC, TAYLOR MURRAY, AN | ) | CARMEN E. HENDERSON |
| INDIVIDUAL; AND DOES, 1 - 5, | ) | |
| INCLUSIVE; | ) | **ORDER** |
| | ) | |
| Defendants, | | |

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and on referral for general pretrial supervision (ECF No. 65). Currently before the Court is Plaintiff Drips Holdings, LLC's motion for a protective order filed March 12, 2021. (ECF No. 80). Defendant Teledrip LLC opposed the motion on March 26, 2021. (ECF No. 84). Plaintiff replied in support of its motion on April 2, 2021. (ECF No. 88). The matter is ripe for review.

**I.     Introduction**

Plaintiff Drips Holdings, LLC ("Drips") requests a protective order under Federal Rule of Civil Procedure 26(c) on behalf of eleven third-party subpoena respondents. Drips argues that the time allowed by Defendant Teledrip LLC ("Teledrip") for the third parties to respond is unreasonable and the requests are overly broad. (ECF No. 80 at 1 ("[Teledrip] has given no more than fourteen days – and in at least one case only three business days – to respond to its overbroad document requests.")).

Drips requests an order that Teledrip:

(1) immediately withdraw the subpoenas and

1

    (2) revise the subpoenas to:

        (a) provide at least thirty days from the date of service for objections and response;

        (b) clarify that the subject of the subpoena is the individual (and not the organization with which the individual is affiliated);

        (c) eliminate the vague, confusing, and overbroad "Definitions" and "Instructions;" and

        (d) eliminate the requests for "All documents that refer or relate to Teledrip LLC" and "All documents that refer or relate to communications between you and Mac Murray & Shuster, LLP, between you and Baker & Hostetler LLP, and between you and Litvak Law Group."

(ECF No. 80 at 2-3). Teledrip responds that the motion should be denied because: 1) Drips's objection to the subpoenas is untimely as Drips failed to object within the 24-hour notice period set by this Court (citing ECF 79 at 2); 2) Drips' objection to the response time requested in the subpoenas is moot as Teledrip has allowed additional time for each respondent who has requested it; 3) Drips does not have standing to raise the issues set forth in the motion; and 4) this Court has already ruled that Teledrip's relevant and proportional subpoena language does not need to be rewritten. Teledrip also moves for attorney's fees associated with defending Drips's "frivolous motion." (ECF No. 84 at 2). In its reply, Drips argues that: 1) the 24-hour notice period applied only to work product related issues with the subpoenas; 2) Drips has standing under Fed. R. Civ. P. 26(c), even if not under Rule 45, to request a protective order regarding subpoenas issued to third parties; 3) even if this Court previously ruled on the language of the subpoenas, it may revisit that ruling. (*See* ECF No. 88). Finally, Drips opposes Teledrip's motion for Rule 11 sanctions. (ECF No. 88 at 15).

    **II.**    **Background**

    Drips, formed in August 2017 (ECF No. 67 at 6), "specializes in providing its customers the ability to communicate with consumers through various proprietary means, including sending

2

and receiving text/SMS messages to or from groups or individuals by using a ten-digit phone number and/or short code set-up along with other innovative, proprietary technology-based artificial intelligence methods" (ECF No. 67 at 8). Teledrip, formed in March 2017, is a competitor of Drips. On November 26, 2019, Drips filed a complaint against Teledrip (and others) alleging claims for: (1) Computer Fraud and Abuse Act (CFAA) Violation; (2) Federal Trademark Infringement; (3) Federal Unfair Competition and False Advertising; (4) Ohio Statutory Unfair Competition and False Advertising; (5) Ohio common law tortious interference with Business Relationship; (6) Ohio common law Business Disparagement; (7) Ohio Statutory and common law Deceptive Trade Practices; (8) Ohio Statutory Engaging in a Pattern of Corrupt Activities (Civil RICO); and (9) Ohio Statutory Misappropriation of Trade Secrets. (ECF No. 2). On December 1, 2020, Drips filed its Third Amended Complaint eliminating its claims of Civil RICO and CFAA and adding a claim of federal cybersquatting. (ECF No. 67). The current claims against Teledrip are: (1) Federal Trademark Infringement; (2) Federal Unfair Competition and False Advertising; (3) Federal Cybersquatting; (4) Ohio Statutory Unfair Competition and False Advertising; (5) Ohio common law tortious interference with Business Relationship; (6) Ohio common law Business Disparagement; (7) Ohio Statutory and common law Deceptive Trade Practices; and (8) Ohio Statutory Misappropriation of Trade Secrets. (ECF No. 67).

On February 25, 2021, Drips moved for an emergency protective order to stop Teledrip from issuing subpoenas to certain third parties. (ECF No. 74). The subpoenas were directed to individuals identified by Drips in their Rule 26(a)(1) initial disclosures as having information related to this litigation. In its emergency motion, Drips requested an order directing Teledrip to (1) immediately suspend service of the objected-to February 18 subpoenas; (2) identify the persons who had already been served; (3) inform those persons who have been served that the subpoenas

3

have been withdrawn and that compliance by March 5, 2021 is not required; (4) cease propounding discovery seeking communications with Drips and its counsel concerning the action and/or people serving as witnesses; and (5) ensure that responsive documents for any persons identified as potential witnesses in Drips' Rule 26 disclosures are first provided to Drips and to allow Drips a reasonable opportunity to redact any work product material. (ECF No. 74 at 6-7). This Court set the matter for a teleconference on March 1, 2021 and required Teledrip to respond to the motion prior the teleconference. (Notice [non-document], February 25, 2021). Teledrip responded on March 1, 2021.

During the teleconference, Teledrip informed the Court that it had already identified the persons served, rescinded the subpoenas at issue, and instructed the third parties not to respond. Thus, the Court found that Drips's requested relief at Nos. 1-3 was moot. The Court denied the relief requested in No. 4 noting that not all communications between third-party witnesses and Drips or its counsel would be protected as work product and it was not feasible to narrowly tailor the requests in the manner requested by Drips. Regarding No. 5, Teledrip agreed that the third parties would be instructed to provide the documents to Drips to review for work product information, and Drips agreed that 10 days was a reasonable amount of time for it to review the responses and produce the documents to Teledrip. Teledrip and Drips then *consented* to a procedure for reissuing the third-party subpoenas at issue and the service of future subpoenas, which the Court memorialized in its minute order:

- For all future subpoenas served upon non-party witnesses, the proponent of the subpoena(s) shall provide the opposing party with 24-hour notice prior to service of the subpoena(s);

- Teledrip shall re-issue the objected to February 18 subpoenas, giving each witness ten (10) days to respond and instructing the witness to produce the documents to Drips;

4

- Drips will have ten (10) days from receipt to: (1) provide a detailed privilege log identifying on an item-by-item basis each document withheld to the extent Drips contends they constitute work product; and (2) produce to Teledrip any documents not so identified.

(ECF No. 79). The Court interpreted Drips's motion as both a motion to quash the third-party subpoenas and a motion for protective order. However, because the challenged subpoenas had been withdrawn and the parties agreed upon a procedure for reissuing the withdrawn subpoenas, the Court did not engage in a detailed analysis of the motion and, instead, memorialized the agreed future protocol in a minute entry.

After the teleconference, Teledrip amended the subpoenas to include instructions for the subpoenaed parties to produce their documents to Drips and that Drips would have 10 days from receipt of the documents to designate documents as attorney work product and produce to Teledrip a privilege log and the documents not designated as privileged. (*See* ECF No. 85-2 at 5; *see e.g.* ECF No. 80-4 at 8-9). Several of the subpoenas were dated March 4, 2021 and required the responding parties to produce the responsive documents to Drips by March 15, 2021 at 10:00 a.m. (*See e.g.* ECF 80-4 at 11, 19, 27, 35, 43, 51). On March 5, 2021, Teledrip provided Drips the subpoenas it intended to serve and stated that it would not serve them for at least 24 hours. (ECF No. 85-3). After the 24-hour notice period, and without objection from Drips, Teledrip began serving the subpoenas on third-party respondents.[1] In at least two instances, by the time the respondents were served, they had less than one week to respond to the requests. Teledrip served another round of subpoenas dated March 10, 2021, which have a response date of March 24, 2021.

Drips filed the instant motion on March 12, 2021.

---

[1] Teledrip's argument that Drips's objection to the subpoenas is untimely as Drips failed to object within the 24-hour notice period set by this Court is not well taken. The Court's March 3, 2021 order merely sets forth a requirement that the parties provide 24-hour notice to each other prior to serving subpoenas; it did not alter any period for objecting. (ECF No. 79 at 2).

### III. Standard

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery, however, does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and the court may limit the extent of discovery in a variety of circumstances. Fed. R. Civ. P. 26(b)(2)(C), (c). The ability to limit discovery is within the sound discretion of the district court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981).

### IV. Law & Analysis

#### A. Standing to Challenge Subpoenas

Teledrip argues that Drips's motion is a motion to quash the third-party subpoenas despite its title because the remedy it seeks is that the subpoenas be withdrawn. This argument is somewhat persuasive; however, the Court notes that requiring the withdrawal of a subpoena is also an available remedy under a Rule 26(c) protective order. *See Thogus Prod. Co. v. Bleep, LLC*, No. 1:20CV1887, 2021 WL 827003 (N.D. Ohio Mar. 4, 2021) (granting protective order to objecting party requiring withdrawal of subpoenas to nonparties).

As explained in *Em v. Pyramyd Air, Ltd,* "Rule 26 focuses on the conduct and motivation of the party requesting discovery. Rule 45, however, focuses on the burden imposed on the recipient of the subpoena." No. 1:10-CV-01054, 2010 WL 11681435, at *1 (N.D. Ohio Sept. 10, 2010); *see also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) (finding that party had failed to demonstrate good cause for the need for a protective order because the defendant had failed to demonstrate that the discovery propounded

upon on third parties would be unduly burdensome on defendant). A motion for a protective order may be sought to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding disclosure or discovery in its entirety or by imposing terms and conditions on the disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)-(H). In other words, a court may issue a protective order that may excuse the third party from appearing to testify or producing documents (which has the same effect as quashing the subpoena) or it may impose conditions on when the appearance takes place, what may be asked, or who may read the documents produced in response to the subpoena. Fed. R. Civ. P. 26(c)(1)(A)-(H).

A motion to quash is focused on the subpoena itself and seeks to prevent its enforcement altogether. Fed. R. Civ. P. 45(d)(3).

Several of Drips's challenges focus on the subpoena itself and the burden imposed on the third parties in responding to the subpoenas: Drips asserts that the timeline for the third parties to respond is unnecessarily "truncated" (ECF No 80 at 6); that it is unclear whether certain subpoenas are directed to the respondents as individuals or in their organizational roles (ECF No. 80 at 8); and that the definitions and instructions are confusing and overbroad (ECF No. 80 at 9). At least two of Drips challenges relate to the focus of Rule 26: whether the subpoenas seek relevant information (ECF No. 80 at 10); and whether a protective order is necessary to prevent harassment, preserve Drips's relationships with the third parties, and prevent undue burden (ECF No. 80 at 12-13).

It appears to this Court that Drips's motion for protective order is both a motion to quash the third-party subpoena *and* a motion for a protective order under Rule 26(c). Accordingly, the Court will address both.

1. **Standing to Quash**

Under the Federal Rules of Civil Procedure, the scope of discovery is broad, entitling parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As to non-parties, Rule 45(a)(1)(A)(iii), permits a party to serve a subpoena on a non-party, commanding that party to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises" at a specified time and place. *See also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit an inspection.").

"In the absence of a claim of privilege, proprietary interest, or personal interest, a party has no standing to quash a subpoena directed at a non-party." *White Mule Co. v. ATC Leasing Co., LLC*, No. 3:07CV00057, 2008 WL 2680273 at *4 (N.D. Ohio June 25, 2008) (citing *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D.Ohio 2002) ("the party to whom the subpoena is directed is the only party with standing to oppose it")); *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 2013 WL 146362 at * 5 (S.D. Ohio Jan 14, 2013) ("The only basis upon which a party could have standing to quash a non-party subpoena would be a claim or personal right or privilege."). A personal interest may arise in a variety of contexts, including contracts, agreements, and payment information and records between a party and its clients. *Blumberg v. Ambrose*, No. 13-CV-15042, 2014 WL 4988380, at *4 (E.D. Mich. Oct. 7, 2014); *see also*, *Waite*, 2013 WL 146362, at *5 ("Such rights or privileges have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records.") (internal citations omitted).

8

Drips, in seeking to quash subpoenas on behalf of third parties,[2] makes no claim of privilege or personal right.[3] As such, and in light of the heavy burden of proof, the Court finds Drips is without standing to quash these third-party subpoenas.

### 2. Standing for Protective Order

In contrast to its motion to quash, a party has standing to seek a protective order to preclude discovery though subpoenas issued on third parties. *White Mule*, 2008 WL 2680273, at *4 (citing *U.S. v. Operation Rescue*, 112 F.Supp.2d 696, 705 (S.D. Ohio 1999) ("As Plaintiff properly notes, several other federal courts have found that a party has standing to seek a protective order on behalf of non-parties.")). Such an order is generally available under Fed. R. Civ. P. 26(c) on a showing of good cause. Under this rule, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

This court will, therefore, consider Drips's motion to the extent it seeks a protective order under Fed. R. Civ. P. 26(c).

### B. Motion for Protective Order

Drips argues that a protective order is necessary to prevent harassment and potential damage to its reputation and goodwill (ECF No. 80 at 12-13) and to prevent undue burden on itself and nonlitigants (ECF No. 80 at 14). Teledrip argues that the requests are relevant and proportional and not intended to harass, but, rather, to prepare for depositions and trial. The Court must

---

[2] *See* ECF No. 80 at 2 (seeking an order requiring Teledrip to withdraw its third-party subpoenas).

[3] *See* ECF No. 80 at 3 ("And although Drips maintains its objection that documents related to the Action are not relevant, Drips' primary objection to these other requests targeted at Work Product has been addressed at this point by the procedure in place for Drips' review of the produced documents. Drips' objection is to the limited time provided to respondents, the confusion caused by the manner in which Teledrip drafted the subpoenas, and the breadth of the entirely superfluous requests[.]").

determine whether Drips has established good cause for the protective order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citation omitted) ("The burden of establishing good cause for a protective order rests with the movant."); *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008).

A party demonstrates good cause by articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix*, 11 F. App'x at 500 (citations omitted); *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016); *Underwood*, 2008 WL 5235992, at *2.

As stated above, a Rule 26(c) protective order protects a person or party from annoyance, embarrassment, oppression, or undue burden or expense by forbidding disclosure or discovery in its entirety or by imposing terms and conditions on the disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)-(H); *see Elvis Presley Enters., Inc. v. City of Memphis, Tennessee*, 2020 WL 4015476, at *14 (W.D. Tenn. July 16, 2020) ("However, '[u]nder Rule 26(c), a party may move for a protective order to protect itself from annoyance, embarrassment, oppression, or undue burden or expense, regardless of whether the moving party is seeking to prevent disclosure of information by a nonparty, as long as the moving party can tie the protected information to an interest listed in the rule....' ") (*quoting HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) (additional internal quotation marks and citations omitted)). Alternatively, a motion to quash under Rule 45 focuses on the requests of the subpoena itself and protects a subpoenaed party from responding to a subpoena that "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

10

Accordingly, the Court must examine the substance of the movant's argument as well as the relief sought to determine whether Rule 26 or Rule 45 applies.

Here, the Court finds that Drips's motion for protective order is, in part, a motion to quash the third-party subpoenas.

### 1. Truncated Response Deadlines

Drips argues that Teledrip required respondents of the third-party subpoenas to produce the responsive documents within an unreasonably short period of time. Drips requests that the Court order Teledrip to revise the subpoenas to provide at least thirty days from the date of service for objections and response. (ECF No. 80 at 2).

This request asks the Court to modify a subpoena's response period, not preclude or limit a category of discovery (nor any of the other relief provided in Rule 26(c)(1)(A)-(H)). Accordingly, the Court finds that this request is, in reality, a motion to quash the subpoena under Rule 45, which Drips does not have standing to raise.

Accordingly, Drips's request is not well-taken.

### 2. Target of the Subpoenas

Drips argues that "[s]ix of the eleven subpoenas are directed to individuals but also identify their title within an organization. This ambiguous identification has created a great deal of confusion regarding the target of the subpoena." (ECF No. 80 at 8). Teledrip does not address this challenge in its response. (*See* ECF No. 84). Drips requests that the Court order Teledrip to revise its subpoenas to "clarify that the subject of the subpoena is the individual (and not the organization with which the individual is affiliated)[.]" (ECF No. 80 at 2).

This request asks the Court to modify a subpoena's specific language, not preclude or limit a category of discovery (nor any of the other relief provided in Rule 26(c)(1)(A)-(H)). Accordingly,

11

the Court finds that this request is, in reality, a motion to quash the subpoena under Rule 45, which Drips does not have standing to raise.

Accordingly, Drips's request is not well-taken.

### 3. Teledrip's "Definitions" and "Instructions"

Drips argues that Teledrip's "Definitions" and "Instructions" sections of the subpoenas are "vague, overbroad, and misplaced" and "should be eliminated <u>for all requests</u>" and that Teledrip should be ordered to reissue the subpoenas using ordinary language. (ECF No. 80 at 9). In response, Teledrip states that no third parties have objected to the subpoenas on these grounds and Drips has not alleged that third parties have complained. (ECF No. 84 at 9).[4]

Drips requests that the Court order Teledrip to revise its subpoenas to "eliminate the vague, confusing, and overbroad 'Definitions' and 'Instructions'[.]" (ECF No. 80 at 2). This request asks the Court to modify a subpoena's language, not preclude or limit a category of discovery (nor any of the other relief provided in Rule 26(c)(1)(A)-(H)). Accordingly, the Court finds that this request is, in reality, a motion to quash the subpoena under Rule 45, which Drips does not have standing to raise.[5]

Accordingly, Drips's request is not well-taken.

### 4. Specific Requests

---

[4] A review of the parties' exhibits shows that the small number of third-party respondents who have complained regarding the subpoenas merely objected "for the same reasons that Drips documented" in its motion. (*See e.g.* ECF No. 89-2 at 2). At least one of these respondents, however, had also already provided the responsive documents to Drips for review. (ECF No. 89-2 at 2). Although two respondents reached out to Teledrip for clarity with regards to what Teledrip sought, this appeared to be quickly cleared up.

[5] The Court notes that the definition of "Document" seeks items in the possession, custody, or control of Plaintiff. Drips has not objected on this ground, nor have any third parties.

Drips requests an order requiring Teledrip to eliminate from the subpoenas its requests for "All documents that refer or relate to Teledrip LLC" and "All documents that refer or relate to communications between you and Mac Murray & Shuster, LLP, between you and Baker & Hostetler LLP, and between you and Litvak Law Group" (ECF No. 80 at 2-3). Drips argues that the requests are not relevant, that "[t]he burden the request creates for nonlitigants vastly outweighs any potential relevance of the documents", and the requests are grossly disproportionate to the needs of Teledrip (ECF No. 80 at 10). Teledrip argues that the requests are both relevant and proportional and that this court previously rejected Drips attempt to rewrite the subpoena language. (ECF No. 84 at 9). Teledrip is correct that the Court previously rejected Drips attempt to change the language of the previously served subpoenas. Because Teledrip had withdrawn the subpoenas in question, the Court did not detail its analysis in reaching this conclusion.

This request asks the Court to review the relevancy and proportionality of particular categories of requested discovery and modify or limit the scope of the subpoena as necessary. Accordingly, the Court finds that Drips properly brought this request as a motion for protective order under Rule 26. Fed. R. Civ. P. 26(c)(1)(D).

The Court must first determine whether the requested information is relevant. The Court notes that relevance in discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal citation omitted). As explained above, parties have the right to obtain discovery regarding information relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). If the Court determines that the requests are relevant, it must then determine whether Drips has established good cause for a protective order under Rule 26(c).

13

### a. "All documents that refer or relate to Teledrip LLC"

Drips objects that the document request for "all documents that refer or relate to Teledrip LLC" is too broad and has "the potential amount of completely irrelevant material is difficult to assess and the mere act of collecting and identifying it is more than a non-litigant should be expected to do." (ECF No. 80 at 10). Drips argues that Teledrip would "presumably have most of those day-to-day communications with its own customers." (ECF No. 80 at 10). Teledrip responds that: the individuals were identified by Drips in their Rule 26(a)(1) disclosures as having information related to the litigation; the individuals are Drips's clients and/or have a close relationship with Drips; and that any of the individuals' discussions about Teledrip could relate to Drips's allegations of marketplace confusion. (ECF No. 84 at 9-10). Drips replies that Teledrip's hypothetical scenarios are "proving to be far-fetched" in a review of the documents it has thus far received from the third parties subpoenaed. (ECF No. 88 at 14).

The Court finds that the requested information is relevant. Here, Drips named these individuals as having information relevant to this litigation. And Teledrip seeks the information in support of its defense against Drips's claim for marketplace confusion. The challenged subpoenas are therefore reasonably calculated to lead to the discovery of admissible evidence and Drips has failed to show that the burden imposed on the third parties is disproportionate to the needs of Teledrip to defend itself in this litigation.

Finally, Drips has failed to demonstrate good cause for a protective order based on the irrelevancy of Teledrip's requests. *See Nix*, 11 Fed. Appx. at 500 ("The burden of establishing good cause for a protective order rests with the movant."). Drips has not articulated "specific facts showing 'clearly defined and serious injury resulting from the discovery sought[.]'" *Nix*, 11 F. App'x at 500 (citations omitted). Instead, Drips improperly relies on conclusory statements. Thus,

14

Drips fails to establish good cause for a protective order. *See Underwood*, 2008 WL 5235992, at *2-3 (denying a party's motion for protective order where the party failed to provide specific facts demonstrating a serious injury to support its conclusory statement).

> ### b. "All documents that refer or relate to communications between you and Mac Murray & Shuster, LLP, between you and Baker & Hostetler LLP, and between you and Litvak Law Group"

Drips objects to Teledrip's request for "[a]ll documents that refer or relate to communications between you and [Drips's lawyers at] Mac Murray & Shuster, LLP, between you and [Drips's lawyers at] Baker & Hostetler LLP, and between you and [Drips's lawyers at] Litvak Law Group" (ECF No. 80 at 2-3) as the overly broad request would produce documents that are wholly unrelated to this lawsuit, including the possibility of 105 year-old documents. (ECF No. 80 at 11). Teledrip responds that "[i]f a subpoenaed individual has documents unrelated to this matter from one of the law firms, those documents would be protected by privilege." (ECF No. 84 at 10).

First, there is no dispute that the requested documents are relevant. Drips does not object to the general relevancy of the requested documents, but, rather that the request is overly broad and has the potential to produce documents unrelated to this matter. (ECF No. 80 at 3). Additionally, Drips has not objected to this request based on privilege grounds as those concerns were dealt with previously. (ECF No. 80 at 3).

Additionally, Drips has not established that the needs of Teledrip for the information is disproportionate to the burden on the third parties to produce the documents. Drips's speculation that the search for documents could produce documents 105 years-old or others wholly unrelated to the claims or defenses does not satisfy its burden for a protective order. Drips argues that Teledrip "has not established why it is entitled to seek the attorney communications from nonparties instead of Drips (who duly objected to the requests)." (ECF No. 88 at 14 (citing

15

*Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *6 (N.D. Ohio Feb. 13, 2008) ("any possibly relevant information requested by the subpoenas can more efficiently be provided by Defendant Davis herself."); *Thogus*, 2021 WL 827003 at *6 ("Thogus offers no explanation for the expedited and onerous nature of these Subpoenas, nor does it explain why it felt compelled to seek the requested documents from Bleep's customers rather than simply obtaining them from Bleep itself through the normal course of discovery.")). Drips fails to allege with any degree of specificity which of the requested documents are in the possession of parties.[6] Drips's bare assertions are insufficient to satisfy its burden of persuasion. Moreover, a party may obtain documents from a third party, even if it could obtain them elsewhere. *See Em*, 2010 WL 11681435 at *2. Accordingly, given the broad scope of discovery, the Court finds that the requested information is relevant and that the burden to produce the documents does not outweigh the need for their production.

Finally, Drips has failed to demonstrate good cause for a protective order. *See Nix*, 11 Fed. Appx. at 500 ("The burden of establishing good cause for a protective order rests with the movant."). Drips has not articulated "specific facts showing 'clearly defined and serious injury resulting from the discovery sought[.]'" *Nix*, 11 F. App'x at 500 (citations omitted). Instead, Drips again improperly relies on conclusory statements. Thus, Drips fails to establish good cause for a protective order. *See Underwood*, 2008 WL 5235992, at *2-3 (denying a party's motion for protective order where the party failed to provide specific facts demonstrating a serious injury to support its conclusory statement).

### 5. Drips Does Not Establish That Teledrip's Subpoenas Are Harassing, Impact Drips' Goodwill and Industry Relationships, and Create Undue Burden

---

[6] Teledrip asserts that it is not in possession of any of the documents it seeks. (ECF No. 84 at 12).

Next, the Court considers whether Teledrip's subpoenas are harassing, impact Drips' goodwill and industry relationships, and create undue burden. The Court finds that Drips properly brought this request as a motion for protective order under Rule 26. Fed. R. Civ. P. 26(c)(1)(D).

Drips argues that it has "received blowback" from some of the third parties and that "Teledrip's subpoenas are unduly impacting the nonparties and Drips' relationship with them." (ECF No. 80 at 12). Drips did not elaborate. Drips also argues that Teledrip's subpoenas were issued with the intent to fish for information "to use in defending themselves in an intercompany dispute" given the identity of several of the subpoenaed individuals and broad subjects of the requests. (ECF No. 80 at 13). Teledrip responds that Drips identified the individuals in its Rule 26(a)(1) disclosures as having relevant information, that the subpoenas were served in order to prepare for deposition and trial, and that Teledrip itself risks its relationships within the "tight nit industry" by serving the subpoenas. (ECF No. 84 at 12).

Ultimately, the Court finds that Drips has not established good cause for the issuance of a protective order as it is unable to demonstrate a specific prejudice or harm. *See In re Ohio Execution Protocol Litig.*, 845 F.3d at 236. At best, Drips has speculated a fear that certain customers will look unfavorably upon them, but there is no evidence of any real or significant harm such as the termination of a customer relationship.

Finally, Drips argues that a protective order would "avoid burdening eleven nonlitigants" from having to file motions to quash the subpoenas in jurisdictions throughout the United States. (ECF No. 80 at 13-14). Regrettably, third parties are frequently brought into litigation for which they want no part. If the third parties choose to move for a protective order before this Court, they will be in a much better position to represent their fact-specific interests than Drips. Further, this Court will be better able to address any considerations which are unique to the third parties, if any

exist. Alternatively, the third parties may, of course, move to quash the subpoenas in the district courts where compliance is required. *See* Fed. R. Civ. P. 45(d)(3).

Accordingly, Drips has failed to establish good cause for a protective order.

### V.     Teledrip's Motion for Fees

Teledrip moves for fees under Fed. R. Civ. P. 37, 28 U.S.C. § 1927, and the Court's inherent authority. (ECF No. 84 at 12-13).

The Court does not find Drips's motion frivolous or vexatious and rejects Teledrip's request for sanctions.

### VI.    Conclusion

For the reasons set forth above, the Court DENIES Plaintiff Drips Holdings, LLC's motion for protective order (ECF No. 80).


Dated: April 15, 2021

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE