THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DRIPS HOLDINGS, LLC, | ) | CASE NO. 5:19-CV-02789 |
| | ) | |
| Plaintiff | ) | Judge John R. Adams |
| v. | ) | Magistrate Judge Carmen Henderson |
| | ) | |
| TELEDRIP LLC, *et al.* | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANTS' MOTION TO COMPEL METADATA

Defendants Teledrip LLC and Taylor Murray ("Defendants") respectfully move the Court to compel Plaintiff Drips Holdings LLC ("Plaintiff") to produce versions of its workflow, campaign builder, schedule editor, marketing materials, and copy of Teledrip's flyer that contain metadata establishing the date of creation of the documents. Teledrip has been diligently seeking this information[1] since Plaintiff identified the materials as relevant in its December 14, 2020 Responses to Defendants' Second Set of Interrogatories. (Exhibit 1). Plaintiff has not produced sufficient document metadata for a single document in this Action, despite Defendants' continuing requests for the same. Defendants respectfully move the Court to compel Plaintiff to provide versions of its documents containing metadata for its workflow, campaign builder, schedule editor, marketing materials, and copy of Teledrip's flyer, as the dates of creation of these documents will determine whether Plaintiff's claims survive summary judgment.

---

[1] Teledrip's request for the copy of its flyer with metadata is new, but Drips has refused to produce any metadata on any document in this case, necessitating including this request in the filing of this motion.

## I.     STANDARD OF REVIEW.

"According to Fed. R. Civ. P. 26(b)(1), parties may 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'  If one party fails to comply with discovery requests, the other party may seek a motion to compel." *Averill v. Gleaner Life Ins. Soc.,* 626 F. Supp. 2d 756, 765 (N.D. Ohio 2009).  "On a motion to compel discovery, the moving party bears the burden of demonstrating relevance.  However, if the movant makes this showing, then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *White v. City of Cleveland,* 417 F. Supp. 3d 896, 901 (N.D. Ohio 2019).

## II.     DEFENDANT HAS DILIGENTLY SOUGHT THE METADATA.

In an attempt to clarify what the asserted trade secrets constituted, Defendants asked Plaintiff to identify the specific documents it asserted showed its trade secrets; in its response to Defendants' Second Set of Interrogatories, Plaintiff identified the specific documents that it alleges contain trade secrets that Defendants copied.  Since Plaintiff identified these documents, Defendants have been diligently seeking the metadata associated with the identified documents in order to determine the date of creation, and/or the date Plaintiff can demonstrate possession of the asserted trade secret documents.  If Teledrip created its materials before Plaintiff did, and published them to its website and other marketing materials, then such information was independently created, was already generally known to the public, and it is impossible for Defendants to have copied any protectable trade secrets.

Defendants first asked for the metadata on February 15, 2021.   (Exhibit 2).  Plaintiff responded the next day stating that it would provide the metadata.  (Exhibit 3).  Plaintiff then produced a spreadsheet that it alleges shows the date of creation of its marketing materials, which shows that Plaintiff has the metadata.  (Exhibit 4).  On May 3, 2021, Defendants wrote Plaintiff

that the spreadsheet was insufficient and it needed the metadata on the actual documents.  (Exhibit 5).  On June 1, 2021, the parties orally met-and-conferred on multiple discovery issues, including Plaintiff's failure to produce metadata.  During the meet and confer, Defendants' counsel explained that the provided metadata spreadsheet was insufficient because it only contained a date purporting to show the metadata for each identified document, which was not a version of the produced document that Defendants' counsel could independently verify as containing metadata demonstrating proof of the date of conception/possession of asserted trade secrets; Plaintiff thereafter promised to produce metadata.  Defendants followed up on June 9, 2021 and once again asked for the metadata.  (Exhibit 6).  Plaintiff responded that its litigation support paralegal would reach out to Defendant's technology specialist to coordinate providing metadata to Defendant. (Exhibit 7).  Defendant provided its technology specialist's contact information to Drips.  (Exhibit 8).  Plaintiff's litigation support paralegal never reached out, so Defendant followed up once again on June 22, 2021.  (Exhibit 9).  Despite all of Defendants efforts, Plaintiff still has not produced versions of the documents purporting to show its trade secrets that actually contain the metadata necessary to establish, or disprove, earlier possession of the asserted trade secrets.

## III.     THE METADATA WILL DETERMINE WHETHER PLAINTIFF'S CLAIMS SURVIVE SUMMARY JUDGMENT.

Defendants intend to defend against Plaintiff's allegations of copying by arguing—among other things—that it created its workflow, campaign builder, and schedule editor *before* Plaintiff created its versions of those technologies.  Defendant published its workflow on its website and related marketing flyers in 2017, a full two years before the present litigation was commenced. (Exhibit 10).  If Defendants can prove that it created and published its workflow before Plaintiff did, then it is impossible for Defendants to have copied Plaintiff.  However, Defendants cannot make this argument if they do not have the date of creation of Plaintiff's technologies.

Defendant also needs the dates of creation of Plaintiff's marketing material because in its interrogatories, Plaintiff stated that its marketing material contains images of its proprietary technology. (Exhibit 1). If Plaintiff did not publish its images until after Defendants did, then Defendants could not have copied Plaintiff.

Finally, Defendants need the metadata associated with Plaintiff's copies of Teledrip's flyers. Those flyers contain information regarding Teledrip's workflow. If Defendants can prove that Plaintiff had those flyers before Plaintiff created its workflow, then Defendants will not only be able to prove that they did not copy Plaintiff, but may also have an argument that Plaintiff copied Defendants.

## IV.     IT IS NOT UNDULY BURDENSOME FOR PLAINTIFF TO PRODUCE ITS METADATA.

Plaintiff has already provided Defendant with a spreadsheet that allegedly shows the date of creation of Plaintiff's marketing material. (Exhibit 4). Plaintiff has also promised Defendants multiple times that it would produce versions of the documents asserted to contain its trade secrets in a form that includes the document metadata. This shows that the metadata is readily available to Plaintiff. Since the metadata is readily available, it is not a burden on Plaintiff to produce the metadata.

Moreover, other sources of verifying dates of trade secret possession have not produced satisfactory answers. Aaron Evans was identified as the individual who created Drips Holdings' asserted trade secret work flow, schedule editor, and campaign builder. At his deposition on July 9, 2021, he was unable to provide testimony on the specific dates of creation of the asserted trade secret work flow, schedule editor, and campaign builders.[2] Thus, the necessity for documents containing the metadata establishing Drips Holdings dates of creation or possession of the asserted

---

[2] Teledrip does not yet have a copy of Evans' deposition transcript, taken only one business day ago.

4

trade secret work flow, schedule editor, and campaign builders *before* Teledrip had posted its allegedly infringing work flow, schedule editor, and campaign builder in the fall of 2017 is critical to resolving the question of whether Plaintiff actually possessed the asserted trade secrets or merely copied Defendant's publicly available documents.

Defendants' supplemental attempts to identify the dates of creation of Plaintiff's trade secrets have been met with similar evasiveness. In Drips' responses to discovery requests (received only hours before the filing of this motion) seeking documents sufficient to identify the dates of creation of identified trade secret documents, and versions of its schedule editor and user interface, Drips now asserts that Plaintiff must retain a software expert to inspect its source code to learn these basic facts about its asserted trade secrets—in a case that does not involve software copyright infringement claims. Drips also ignores the narrowing nature of its Interrogatory responses; they cannot now argue, on the last day of discovery, that its trade secrets are broader than those documents it previously identified, and that formed the basis for discovery. Drips are stuck with the documents it identified as showing its trade secrets, and must be forced to demonstrate—by way of document metadata—when they created or first possessed these trade secrets.

## V.    CONCLUSION

Teledrip respectfully asks the Court to compel Plaintiff to produce versions of the following documents that contain the metadata:

- All documents listed in Plaintiff's Response to Defendants Second Set of Interrogatories (Exhibit 1).

- All documents that show Plaintiff's workflow, campaign builder, and schedule editor, including, but not limited to, those documents that Plaintiff emailed

Defendants on February 16, 2021 (Exhibit 3) (These documents are not Bates stamped).

- ▪ All documents that show Plaintiff's possession of Teledrip's flyer, including, but not limited to, Drips_273, Drips_1626, Drips_5502, and Drips_5499.

July 12, 2021                                        Respectfully submitted,

OF COUNSEL:
HAHN LOESER & PARKS LLP               */s/ Nathan B. Webb*
                                                      Nathan B. Webb (0084506)
                                                      nwebb@hahnlaw.com
                                                      Margo N. Uhrman (0099677)
                                                      muhrman@hahnlaw.com
                                                      Jeffrey A. Yeager (0068062)
                                                      jyeager@hahnlaw.com

                                                      200 Public Square, Suite 2800
                                                      Cleveland, OH 44114-2316
                                                      Phone:  216.621.0150
                                                      Fax:  216.241.2824

                                                      *Attorneys for Defendants Teledrip LLC and Taylor Murray*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion to Compel Metadata* was served this twelfth day of July 2021 via the Court's ECF System upon all parties by electronic means.

*/s/ Nathan B. Webb*
*One of the Attorneys for Defendants Teledrip LLC*

12836723.1