## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DRIPS HOLDINGS, LLC, | ) | CASE NO. 5:19-CV-02789-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| TELEDRIP LLC, TAYLOR MURRAY, AN INDIVIDUAL; AND DOES, 1 - 5, INCLUSIVE; | ) ) ) | CARMEN E. HENDERSON |
| | ) | **ORDER** |
| | ) | |
| Defendants, | | |

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and on referral for general pretrial supervision. (ECF No. 65). Presently before the Court is Defendants Teledrip and Murray's Motion to Compel Discovery. (ECF No. 106). Fed. R. Civ. P. 37(a) and L.R. 37.1(a)(1) make clear that, prior to seeking court intervention to resolve a discovery dispute, the parties must have made good faith efforts to resolve the discovery dispute. As provided for in L.R. 37.1:

> Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.

*See* L.R. 37.1(a)(1).

Plaintiff Drips states that no meet and confer occurred prior to Defendants filing the motion to compel. Defendants' motion does not make clear that counsel have discussed the matter by telephone or in person.

1

Accordingly, Defendants' Motion to Compel is DENIED without prejudice. The parties shall meet and confer <u>in person or via telephone</u> to discuss their discovery dispute and shall endeavor in good faith to resolve it prior to involving the Court.

Dated: July 19, 2021

                                                       s/ *Carmen E. Henderson*
                                                       CARMEN E. HENDERSON
                                                       U.S. MAGISTRATE JUDGE