UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DRIPS HOLDINGS, LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>TELEDRIP LLC, f/k/a/ DRIPS.IO ,et al.<br><br>            Defendant. | CASE NO. 5:19-cv-02789-JRA<br><br>JUDGE JOHN R. ADAMS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** *INSTANTER* |

Plaintiff Drips Holdings, LLC ("Drips"), respectfully moves this Court for leave to file a Fourth Amended Complaint *instanter*, adding John Budd and Michael Laible as individual defendants, based on allegations supported by recent discovery, and adding a cause of action for trade secret misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §1831 *et seq*. that mirrors its prior claim under the similar Ohio statute. The proposed pleading is attached hereto as Exhibit 1 and a redlined version showing the changes from the Third Amended Complaint is attached hereto as Exhibit 2.

### I. Legal Standard

Once the scheduling order deadline for pleading amendments without leave of court has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v.*

*Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (affirming denial of motion to amend filed after dispositive motions and appeal). To demonstrate good cause, a plaintiff must show that the original deadline could not have been met despite due diligence, and that the opposing party will not suffer prejudice by the amendment. *Id*. "The primary measure of Rule 16's `good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Group*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Significant prejudice to the party opposing modification is another relevant consideration in the good cause analysis. *Leary*, 349 F.3d 888 at 908; *Johnson v. Ventra Grp., Inc.*, 124 F.3d 197 (6th Cir. 1997) (abuse of discretion to deny motion to amend filed after the completion of discovery where opposing party did not show "extreme" prejudice); *Satterwhite v. Ashtabula Cty. Metroparks*, No. 1:19-CV-02690, 2021 WL 168439, at *6 (N.D. Ohio Jan. 19, 2021) (no significant prejudice where parallel federal claim already asserted and defendant was related); *Cheryl & Co. v. Krueger*, No. 2:18-CV-1485, 2019 WL 7821056, at *4 (S.D. Ohio Dec. 12, 2019) ("prejudice" reserved for cases requiring preparation of new defense strategies or adding new liability theories); *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 849 (S.D. Ohio 2009) ("[D]eciding if any prejudice to the opposing party is 'undue' requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously." (internal citations omitted)).

  After good cause for missing the original deadline set forth in the scheduling order is met, a party must still satisfy Rule 15's lenient pleading standard. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by leave of court, and such leave to

amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id*.  A motion to amend a pleading under Rule 15(a) is a procedural matter governed by the law of the regional circuit.  *See Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1357 (Fed. Cir. 2007).  The Sixth Circuit has similarly held that "the case law in this Circuit manifests 'liberality in allowing amendments to a complaint." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987).  The purpose of such liberality is "to reinforce the principle that cases should be tried on their merits rather than on the technicalities of pleadings." *Id.*

The determination of whether justice requires that leave to amend be granted is left to the sound discretion of the court. *United States v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989). Leave should only be denied where the opposing party can demonstrate "some significant showing of prejudice" by the amendment, bad faith or undue delay by the movant, lack of notice to the opposing party, or futility of the amendment. *Janikowski*, 823 F.2d at 951; *Foman*, 371 U.S. at 182. In the absence of any of the above-mentioned factors, the plaintiff should be afforded the opportunity to amend the complaint. *Foman*, 371 U.S. at 182.  When considering potential prejudice, courts should consider "whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Haggard v. Ossege*, No. 2:09–cv–44, 2011 WL 1871244 at *2 (S.D. Ohio May 16, 2011) (citing *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir.1994)).

3

Delay alone "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *see also Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) ("Delay alone . . . without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.").

Courts in Ohio routinely grant leave to amend to plaintiffs for the purpose of amending their complaints to add new claims and/or parties as the facts of the case develop and as justice requires. *See Janikowski*, 823 F.2d at 951-52 (reversing the trial court's denial of plaintiff's motion to amend his complaint, which was filed almost one year after the original complaint, to add a new breach of contract cause action because defendant failed to prove significant prejudice other than the added expense of conducting additional discovery); *Andriot v. Quickprint of Am., Inc.*, 563 F. Supp. 48, 49-50 (S.D. Ohio 1983) (granting leave to amend to name four additional defendants).

## II. Argument

**A. Good Cause Exists to Amend the Scheduling Order under Rule 16**

Drips did not assert a claim against former Teledrip member John Budd prior to the July 31, 2020 deadline because the scope of his involvement was not known at that time. The deposition of John Budd did not take place until August 7, 2020, after the deadline in the Scheduling Order to amend the pleadings, and any delay in scheduling that deposition is attributable to the COVID-19 pandemic that required negotiation of a part remote/part in-person deposition (the latter part of which is in the process of being scheduled). Much of Mr. Budd's deposition is still designated Attorneys' Eyes Only under the Protective Order [DE 37] in this case. The recently de-designated deposition transcript of Christopher Moreira [*see*, DE 105], along with a number of recently de-designated documents, have allowed Drips' principals to

4

finally understand the scope of Budd's involvement in the underlying events. Because Budd is an Ohio resident, the federal Defend Trade Secrets Act claim is added to ensure jurisdiction against Budd independent of the claims against Teledrip and Murray, but does not substantively change the discovery needed or defense strategies in this case. *See Satterwhite v. Ashtabula Cty. Metroparks*, No. 1:19-CV-02690, 2021 WL 168439, at * (N.D. Ohio Jan. 19, 2021) (no prejudice where parallel federal claim already asserted and defendant was related).

Michael Laible was originally named as an individual defendant, but dropped as a party in Drips' First Amended Complaint to preserve judicial resources given Teledrip's objections based on personal jurisdiction. During Michael Laible's June 28, 2021 deposition, he testified at length that he was responsible for Teledrip's email outreach that contained false statements and that those statements were pure "speculation," establishing his personal culpability in the false advertising, business disparagement, and tortious interference causes of action pleaded by Drips. *See* Exhibit 3, Laible Deposition Transcript at 168:11-170:6; 242:3-244:24. His recent admissions to tortious conduct against Drips also clearly establish this Court has personal jurisdiction over him, thus negating the basis for his objection to being named in the original Complaint. *See* DE 18, Laible Motion to Dismiss. Drips' decision to not add Mr. Laible back as a party until his own admissions established personal jurisdiction is eminently reasonable in light of the defendants' prior, dogged objections to this Court's personal jurisdiction over the individual tortfeasors. *See WEL Companies, Inc. v. Haldex Brake Prod. Corp.*, 467 F. Supp. 3d 545, 553 (S.D. Ohio 2020) ("Plaintiff simply waited until it had a good faith basis to believe punitive damages were warranted before seeking to add them to the Complaint.").

The existing defendants will not be significantly prejudiced by the proposed amendment because they were aware of the potential for the individuals to be added and the core facts and

claims remain the same. Defendants have been aware of Drips' interest in suing Mr. Laible since the original complaint was filed and Mr. Laible has actively participated in the conduct of the litigation as the CEO of Teledrip. They have been aware of Mr. Budd's role in providing Drips' confidential information to Mr. Murray – and sought to keep that involvement from Drips' decisionmakers by over-designating material as Attorneys' Eyes Only under the Protective Order.

Any additional discovery that might be required will not significantly prejudice the existing defendants. *Rover Pipeline LLC v. Zwick*, No. 2:19-CV-4698, 2021 WL 2665502, at *3 (S.D. Ohio June 29, 2021) ("[A] bit more of required discovery generally does not change the Court's good cause finding."); *Powell v. Fugate*, No. 6:17-CV-122-REW-HAI, 2018 WL 4088029, at *3 (E.D. Ky. Aug. 27, 2018) (allowing amendment after the close of discovery; only minor additional discovery due to "the overlapping cast of characters and the core facts."). Defendant Murray has not even answered the Third Amended Complaint yet; his motion to dismiss based on personal jurisdiction is still pending. Both of these individuals have been aware of and participating in this litigation from the beginning.[1]

Amendment will also result in judicial economy due to the overlapping witnesses and evidence. *See Scotts Co., LLC v. Cent. Garden & Pet Co.*, No. 2:19-CV-2185, 2021 WL 1572287, at *3 (S.D. Ohio Apr. 22, 2021)

### B. Leave to Amend Should be Freely Granted Under Rule 15

None of the factors limiting the Court's liberal amendment policy weigh in favor of denying Drips' Motion. Although Defendants will likely make wild accusations of "bad faith" based on out-of-context statements from the same handful of documents they have been fixated

---

[1] Drips understands that, as Mr. Budd is a former Teledrip member, Teledrip paid for and coordinated with Mr. Budd's counsel in response to Drips' subpoenas to Mr. Budd. *See* Exhibit 6, Deposition of John Budd at 129:5-25.

with since last year, there is no bad faith on Drips' part. Drips merely wants to ensure that the individuals who own and run Teledrip on a shoestring, with profits being distributed regularly to members and no significant savings, do not profit from their tortious conduct.[2]

Moreover, any delay in asserting the claims is not "undue" because Defendants will not suffer significant prejudice. This case was filed less than two years ago and no trial date or final pretrial date has been set. Murray's Motion to Dismiss the Third Amended Complaint [DE 68] was denied on July 28, 2021. Expert discovery and dispositive motions are months down the road. Given the intervening COVID-19 pandemic, this case has been litigated in a highly efficient and timely manner and all extensions have been instigated by requests from Defendants. While the existing parties have nearly concluded discovery, the proposed amendment will not add any additional discovery burden to Teledrip or Murray, and Drips is willing to allow the new defendants a reasonable period to get up to speed and conduct any (nonrepetitive) additional discovery they might require.[3] The judicial efficiencies that would result from allowing the actions against Mr. Laible and Mr. Budd to proceed with the existing claims outweigh any inconvenience to Defendants because the actions involve the exact same claims and the defending parties are all related. The federal DTSA claim arises from the same set of facts as the state claim and will not require any more discovery on Defendants' part than its existing discovery obligations. The underlying facts (and, accordingly, defense strategies) will be the same. *See Gregg*, 661 F. Supp. 2d at 849. Defendants will not suffer prejudice should amendment be permitted.

---

[2] Mr. Moreira provided testimony regarding Teledrip's practice of distributing profits with little to no reserve on a month to month basis. *See* Exhibit 4 at 282:15-283:5. Teledrip has refused to provide its bank records (which are the only reliable confirmation of Teledrip's costs) or any other backup, so there is no reason to doubt Mr. Moreira's testimony. There are also discussions in Teledrip's document production of just shutting Teledrip down and starting a new business. *See* Exhibit 5, TELEDRIP00011650.

[3] It is anticipated that Mr. Laible, at least, will be represented by Teledrip's current counsel who are also representing Mr. Murray.

Defendants cannot plausibly claim lack of notice. The new defendants have been part of the litigation from the start. Accordingly, both the existing defendants and the new defendants have had notice of their status as potential defendants.

Despite Teledrip's unsuccessful efforts to litigate the merits of Drips' claims against Mr. Murray in connection with Drips' July 17, 2020 Motion to Amend, Defendants cannot show that the allegations in the proposed Fourth Amendment Complaint are "futile." In determining "futility," "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous." *Cheryl & Co.*, 2019 WL 7821056, at *3, citing *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002). The proposed amended pleading is far from futile -- it includes the additional specificity that Teledrip claimed in its first Motion to Dismiss was lacking from Drips' original pleading regarding Mr. Laible's personal culpability. *See Balance Dynamics Corp. v. Schmitt Industries*, 204 F.3d 683, 698 (6th Cir. 2000) (district courts may exercise personal jurisdiction over corporate agents where the agent is "actively and personally involved in the conduct giving rise to the claim.").[4] Here, Mr. Laible's personal activities giving rise to the claims against him include making false factual statements about Drips and the parties' respective technologies while marketing Teledrip's services that he has admitted were pure speculation. *See, e.g.*, Exhibit 3, Laible Tr. at 168:11-170:20; 239:1-245:13; 258:17-260:1; Exhibit 1 at para. 94, 103-112. Mr. Budd's personal liability stemming from his provision of Drips' confidential and proprietary information to Mr. Murray is similarly well-pleaded and supported by the evidentiary record. *See, e.g.*, Exhibit 1 at ¶¶ 6, 22, 59-66; Exhibit 6, Deposition Transcript of John Budd at 63:13-67:10; 72:3-22; 77:3-83:4; 85:6-88:19; 100:11-15; 107:3-23; 111:19-125:25 and Exhibit 4,

---

[4] The Court recently rejected Teledrip's frivolous arguments regarding personal jurisdiction over company members who personally participate in tortious activities. *See* DE 108, Order Denying Motion to Dismiss.

8

Deposition Transcript of Christopher Moreira at 22:15-36:6; 49:19-50:21; 59:10-62:22; 159:11-160:10 and 215:21-227:9.  Defendants have not sought to dismiss Drips' Third Amended Complaint under Fed. R.Civ. P. 12(b)(6), thus acknowledging that those claims as pleaded are not futile.  *See* DE 68, Murray Motion to Dismiss under Rule 12(b)(2).

As to personal jurisdiction (which cannot be disputed as to Mr. Budd, an Ohio resident, see Exhibit 1 at ¶ 14), Mr. Laible's activities more than satisfy Ohio's long arm statute, Ohio Rev. Code Ann. § 2307.382(A).  The statute provides, in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> …
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

Mr. Laible's statements were directed at Drips, a company with which he was very familiar.  *See* Exhibit 1 at ¶¶ 94; 105-113.  Therefore, Mr. Laible's tortious actions purposefully targeted persons in this state and he knew any injury would be felt here, thus satisfying Ohio Rev. Code Ann. § 2307.382(A)(6).  Having intentionally targeted an Ohio company, Mr. Laible should have reasonably anticipated being sued here for the injuries he has caused.  Mr. Laible's personal liability and the proper exercise of jurisdiction by this Court are properly alleged.

### III.    Conclusion

For the foregoing reasons, Plaintiff Drips Holdings LLC respectfully requests that the Court grant its motion for leave to file the [Proposed] Fourth Amended Complaint, Exhibit 1, *instanter*.

9

Respectfully submitted,

　　_/s/ Christina J. Moser_
Deborah A. Wilcox (0038770)
dwilcox@bakerlaw.com
Christina J. Moser (0074817)
cmoser@bakerlaw.com
Ruth E. Hartman (78860)
Email: rhartman@bakerlaw.com
Sarah E. Spring (100252)
Email: sspring@bakerlaw.com
BAKER & HOSTETLER LLP
127 Key Tower, Ste. 2000
Cleveland, Ohio  44114-1214
(216) 621-0200 (direct)
(216) 373-6557 (facsimile)

Uri Litvak (admitted _pro hac vice_)
Litvak Law Group, PC
2424 SE Bristol St., Ste. 300
Newport Beach, CA 92660-0764
(949) 477-4900 (telephone)
(949) 335-7113 (facsimile)
ulitvak@litvaklawgroup.com

_Attorneys for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record in this case via the Court's Electronic Court Filing system.

>**Nathan B. Webb**
>**Christopher R. Butler**
>**Margo D. Uhrman**
>Hahn, Loeser & Parks - Cleveland
>2800 BP Tower
>200 Public Square
>Cleveland, OH 44114
>216-621-0150
>Fax: 216-241-2824
>Email: nwebb@hahnaw.com; cbutler@hahnlaw.com; muhrman@hahnlaw.com
>
>**Jeffrey A. Yeager**
>Hahn, Loeser & Parks - Columbus
>Ste. 1400
>65 East State Street
>Columbus, OH 43215
>614-221-0240
>Fax: 614-221-5909
>Email: jyeager@hahnlaw.com

>_____/s/ Christina J. Moser_____
>an attorney for Plaintiff

11