IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| DRIPS HOLDINGS, LLC, | ) | CASE NO. 5:19-CV-02789-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| TELEDRIP LLC, TAYLOR MURRAY, AN INDIVIDUAL; AND DOES, 1 - 5, INCLUSIVE; | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **Report & Recommendation** |
| | ) | |
| Defendants, | | |

Before the Court is the motion of plaintiff Drips Holdings, LLC ("Drips" or "Plaintiff") for leave to file a fourth amended complaint. (ECF No. 109). Defendants Teledrip LLC and Taylor Murray ("Teledrip" and "Murray, respectively and collectively, "Defendants") filed a memorandum in opposition (ECF No. 113), and Drips filed a reply (ECF No. 116). For the reasons set forth herein, the Court recommends denying Drips's motion for leave to amend its complaint.

**I.     PROCEDURAL BACKGROUND**

On November 26, 2019, Drips filed suit against Teledrip, Murray and Michael C. Laible ("Laible") "the former Chief Revenue Officer/lead salesperson and current Chief Executive Office of Teledrip" (ECF No. 2 at ¶ 25) alleging the following claims against all three defendants (1) Computer Fraud and Abuse Act ("CFAA") Violation; (2) Federal Trademark Infringement; (3) Federal Unfair Competition and False Advertising; (4) Ohio Statutory Unfair Competition and False Advertising; (5) Ohio common law tortious interference with Business Relationship; (7) Ohio Statutory and common law Deceptive Trade Practices; (8) Ohio Statutory Engaging in a Pattern of Corrupt Activities ("Civil RICO"); and (9) Ohio Statutory Misappropriation of Trade

1

Secrets. (ECF No. 2). Drips also asserted a claim of Ohio common law Business Disparagement (Claim 6) against Teledrip and Laible.

The parties began taking depositions at least as early as January 20, 2020. (*See* ECF No. 23 (Order setting deposition of Mr. Moriera for January 20, 2020)). On January 27, 2020, Drips filed its First Amended Complaint, in which it asserted claims against Teledrip and "Does 1 through 5". (ECF No. 27). At a supplemental case management conference held on February 27, 2020, this case was assigned to the standard track, and the Court set a non-expert discovery deadline of October 16, 2020. (ECF No. 34). On March 23, 2020, the Court extended the non-expert discovery deadline by 60 days, to December 15, 2020. (ECF No. 35).

On June 3, 2020, Drips filed its Second Amended Complaint asserting claims against Teledrip and "Does 1 through 5). (ECF No. 41). During a status conference that same day, the Court set July 20, 2020 as the deadline to amend the pleadings. (*See* ECF No. 42).

On July 17, 2020, Drips moved for leave to file a third amended complaint. (ECF No. 53). Teledrip opposed the request (ECF No. 54), and Drips replied in support (ECF No. 56, 57). On November 20, 2020, this Court extended the non-expert discovery deadline to March 12, 2021. (ECF No. 66). That same day this Court granted Drips' request and stated "Leave to amend pleadings must be freely given. Fed. R. Civ. P. 15(a). Plaintiff moved to file the Third Amended Complaint prior to the deadline to amend pleadings. Defendants['] personal jurisdiction argument will be addressed at the appropriate time should it be properly raised. Plaintiff[']s Third Amended Complaint is deemed filed as of 7/17/2020. For purposes of the clarity of the record, Plaintiff shall separately [file] its Third Amended Complaint within three days of this Order." (Non-doc Order dated 11/20/2020). Despite the Court's clear instruction, however, Drips failed to file its Third

2

Amended Complaint until December 1, 2020. (ECF No. 67). In the Third Amended Complaint, Drips asserted claims against Teledrip, Murry, and "Does 1 through 5".

On February 17, 2021, following a joint request, this Court extended the non-expert discovery deadline to July 12, 2021. On June 30, 2021, this Court allowed a limited extension of the fact discovery deadline until August 26, 2021, for the sole purpose of allowing depositions of person specified by the parties. (*See* non-doc orders dated 6/30/2021 and 9/1/2021). Fact discovery ended on July 12, 2021.

On August 5, 2021, Drips moved for leave to file a fourth amended complaint. (ECF No. 109). Drips's proposed Fourth Amended Complaint names Teledrip, Murray, Laible, and John Budd ("Budd") as defendants. (ECF No. 109-2). The proposed Fourth Amended Complaint alleges that Laible committed Federal Unfair Competition and False Advertising, Statutory Unfair Competition and False Advertising, Tortious Interference with Business Relationships, and Business Disparagement (ECF No. 109-2 at 54, 58, 60, 63), and that Budd engaged in Misappropriation of Trade Secrets in violation of Ohio Revised Code §§ 1331.61 – 1333.69. Additionally, the proposed complaint asserts a new claim for Misappropriation of Trade Secrets in violation of 18 U.S.C. § 1836 against Teledrip, Murray and Budd.

Defendants opposed the motion for leave to file the fourth amended complaint arguing that Drips "cannot show good cause and lack of prejudice to the opposing party under Rule 16(b)" and that the "record plainly establishes undue delay, undue prejudice, bad faith, dilatory motive, repeated failure to cure deficiencies," and that the amendment would be futile under Rule 15. (ECF No. 113 at 5). Drips replied in support of its motion. (ECF No. 116).

    II.    DISCUSSION

        A. APPLICABLE LAW

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). " 'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.' ' " *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Whether to grant leave to amend remains within the sound discretion of the trial court. *Id*.

In cases where the scheduling order deadline for amendments to the pleadings without leave of court has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. "In determining whether the "good cause" standard is met, the district court must consider whether the amendment will prejudice the party opposing it. *Korn v. Paul Revere Life Ins. Co*., 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary,* 349 F.3d at 906, 908). Additionally, "[t]o satisfy the *Leary* standard, [Drips] must also explain why [it] failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn*, 382 F. App'x at 450 (citing *Leary*, 349 F.3d at 906–08).

### B. ANALYSIS

The deadline for amending pleadings in this case was July 20, 2020. (ECF No. 42). Because Drips filed this motion on August 21, 2021, over a year after the July 20, 2020 deadline, this Court can only entertain this motion by modifying the scheduling order. In addition, the scheduling order as amended required that fact discovery be completed by July 12, 2021. (Order dated 2/17/2021). Because Drips's motion to amend seeks to add two new defendants and a new claim, the discovery

4

deadlines set by the scheduling order will also require modification. Thus, this Court may allow the amendment only if Drips satisfies the standard set forth in *Leary*, by demonstrating good cause for its failure to move to amend at a time that would not have required modification of the scheduling order. This Court must consider the cause of the failure to move to amend earlier and whether the amendment would prejudice Defendants.

Drips argues that good cause exists for failing to amend the complaint by July 20, 2020. Drips argues that the extent of Mr. Budd's involvement was unknown prior to the deadline and that he was not deposed until August 7, 2020 after the deadline. (ECF No. 109 at 4). Although Drips initially named Laible as a defendant, he had been dropped as a defendant in the first amended complaint "to preserve judicial resources" due to Teledrip's objections "based on personal jurisdiction". (ECF No. 109 at 5). Drips states that it was not until Laible's June 28, 2021 deposition that this Court's personal jurisdiction over Laible became clear. (ECF No. 109 at 5).

Drips has failed to adequately explain why it failed to move to amend its complaint earlier. First, even if this Court believes Drips's statement that it did not learn of its claims against Budd until his deposition on August 7, 2020 (ECF No. 109 at 4), this means that Drips waited over a year to add him to the matter. Second, Drips knew of the factual allegations against Laible when it filed its original complaint. (*See* ECF No. 109 at 5, *compare* ECF No. 109-2 at ¶ 106 ("Prior to filing this action, Drips Holdings learned that Teledrip's sales agents, including Laible, have told multiple customers and potential customers of Drips Holdings that (unlike Teledrip) Drips Holdings does not use AI (artificial intelligence) or any real technology and instead relies entirely on overseas human call centers (which have a pejorative connotation in the marketing field). These statements are false."), *with* ECF No. 2 at ¶ 72 ("Defendant Laible, told multiple customers and potential customers of Drips Holdings that (unlike Teledrip) Drips Holdings does not use AI

5

(artificial intelligence) or any real technology and instead relies entirely on overseas human call centers (which have a pejorative connotation in the marketing field). These statements are false.")). Based on a review of the proposed Fourth Amended Complaint in comparison with the original complaint, the Court is not satisfied with Drips's hollow explanation for failing to assert – or reassert – its claims against Laible in a timely fashion. Third, Drips's motion to amend does not explain why it failed to raise earlier its proposed (new) ninth cause of action against Teledrip, Murray, and Budd alleging misappropriation of trade secrets in violation of 18 U.S.C. § 1836, especially given that the new cause of action relies on the same or substantially similar facts as those identified in Drips's eighth cause of action alleging misappropriation of trade secrets under Ohio law. (*See* ECF No. 109-2 at ⁋177-198).

Here, all parties should have been joined and pleading amended over a year ago. This case was filed on November 26, 2019 (ECF No. 1) and assigned to the standard track, which anticipates completion within fifteen months of initiation. LR 16.2(a)(2)(B). Despite this, at the parties' requests, the Court amended the scheduling order on numerous occasions due to various considerations including those related to Covid-19. (*See e.g.* ECF No. 35, 73, non-docs dated 2/17/2021 and 6/30/2021). Fact discovery has ended and the February 10, 2022 deadline for filing dispositive motions (non-document dated 6/30/2021), which has been extended numerous times, is quickly approaching. The Sixth Circuit has held that "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd*., 259 F.3d 452, 459 (6th Cir.2001). Here, Drips has not adequately explained its delay in bringing the new claims since the factual basis for the new claims existed at the beginning of the lawsuit—or at the latest by August 7, 2020. Accordingly, Drips failed to show good cause for its failure to amend complaint earlier. *Com. Benefits Grp., Inc. v. McKesson Corp.*,

6

326 F. App'x 369, 376 (6th Cir. 2009) (A party lacks good cause to amend its Complaint where it "could not adequately explain its delay in bringing the claims" and "the factual basis for the new claims existed at the beginning of the lawsuit.").

"[O]rdinarily, delay alone will not justify the denial of leave to amend the complaint." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 806 (6th Cir. 2005) (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). "Delay, however, will become 'undue' at some point, 'placing an unwarranted burden on the court,' or ' 'prejudicial,' placing an unfair burden on the opposing party.' " *Id.* (citations omitted). In this case, Drips's delay in failing to timely seek to amend the complaint rises to the level discussed in *Morse*.

Furthermore, this Court agrees that the addition of two new parties and a new claim, which could have been raised much earlier in the proceeding, would result in prejudice against the Defendants at this late stage in the litigation. First, the amendment would compel the Court to postpone its discovery and dispositive motion deadlines even further, thus resulting in a later trial date. Second, the amendment would force the Defendants to expend more attorneys' fees in conducting additional discovery and pursuing potential crossclaims.

Accordingly, this Court finds that allowing the amendment would result in undue delay and prejudice.

### III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Court DENY Drips's Motion for Leave to File its Fourth Amended.

DATED: December 7, 2021

                                                   *Carmen E. Henderson*
                                                 **Carmen E. Henderson**
                                                 **United States Magistrate Judge**

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).